ALBANY,
January, 1817.

KANE
v.
SANGER.

KANE *against* SANGER.

THIS was an action of covenant brought to recover damages for an eviction of the plaintiff's grantees, in four equal undivided eighth parts of lot No. 64., in the township of *Camillus.* The cause was tried before Mr. Justice *Yates,* at the *Onondaga* circuit, in *June,* 1816.

The declaration stated a conveyance from the defendant to the plaintiff, dated the 26th of *February,* 1798, by which the defendant, in consideration of the sum of 3,210 dollars, conveyed to the plaintiff, in fee, lots No. 52. and 64., in the township of *Camillus,* each containing 600 acres, with a covenant for the quiet and peaceable possession : that the plaintiff, by virtue thereof, was possessed of the premises, and continued possessed, until *Timothy Ketchum, David Paddock, Chester Marshall, William Paddock, Jesse Wood, James Ransom, Charles H. Toll,* and *Nehemiah Hand,* with the consent of the plaintiff, entered into the possession of lot No. 64., and held it under the title of the plaintiff, and continued to possess it until, *on the 19th of April,* 1804, *Josiah Church* and others, having at and since the time of making the deed to the plaintiff, lawful right and title *to* four equal undivided eighth parts, entered into the same by lawful process of ejectment, and evicted the possessors therefrom, whereby the plaintiff has not only lost the possession of those four eighth parts, but has been obliged to expend a large sum of money in endeavouring to defend the possession.

The defendant pleaded *non est factum,* and gave notice that he would give in evidence, upon the trial, that after the conveyance to the plaintiff, and before the commencement of this suit, to wit, on the 7th of *June,* 1815, all the title to lot No. 64. was conveyed, in fee, by the plaintiff to *Timothy Ketchum, Chester*

An action for a breach of covenants running with the land, must be brought by the assignee of the land, or of part of it, *pro tanto,* if the breach were subsequent to the assignment, unless the grantor conveyed with warranty. Where A., the grantee, by deed, with covenant for quiet enjoyment of two lots of 600 acres each, conveyed 100 acres of the one lot to B., C., D., and E.,respectively, with warranty, and the remaining 500 acres of the same lot to F., and one half of the lot was afterwards recovered in ejectment by persons having a paramount title, it was held that A. was entitled to recover against his grantor for the eviction of B C, D., and E. as he was thereby deprived of his remedy on the bonds and mortgages given by them for the consideration, but not the costs of the ejectment suits, as they had been satisfied by the grantor; nor for the part conveyed to F., as that was by deed without warranty: and judgment was given for A. for one sixth of the consideration expressed in the original deed, with six years interest.

judgment was given for A. for one sixth of the consideration expressed in the original deed, with six years interest.

A. conveys land to B, with covenants, and B. conveys it to C., and takes a mortgage for the consideration; C., the mortgage being unsatisfied, cannot release A. from the covenants in his deed; for. by the mortgage, the seisin was re-vested in B.

In an action for a breach of a covenant for quiet enjoyment the defendant pleads *non est factum,* with notice, denying an eviction, the defendant is bound to prove that there was no eviction, as the pleadings merely put the deed in issue.

A notice must state truly the facts intended to be given in evidence, but if a variance be not material to the right of the cause, it will be overlooked.

*Marshall, James Ransom, Jesse Wood,* and *William D. Paddock ;* and that, on the same day, the defendant paid to the said *Timothy, Chester, James,* and *Jesse,* 2,000 dollars, in satisfaction of the breaches of covenant mentioned in the declaration, as far as related to them; and that neither *William D. Paddock, Charles H. Toll, David Paddock,* and *Nehemiah Hand* were evicted by any title paramount, nor had they any title to any part of the lot. The defendant further gave notice, that he would give in evidence a release from *Timothy Ketchum, Chester Marshall,* and *Jesse Wood,* to himself, dated the 7th of *June,* 1815, of all demands on the defendant's covenant, and of the covenant itself, as to their quantities of land, and all claims for mesne profits or costs, and a similar release from *James Ransom,* dated the 4th of *July,* 1815 : that the plaintiff had not been damnified by any recovery against the persons mentioned in his declaration, other than the said *James Ransom, Chester Marshall, Timothy Ketchum,* and *Jesse Wood ;* and that the defendant had paid them the amount of the damages sustained in consequence of such recovery, to wit, the sum of 1,000 dollars; and that, before the eviction alleged in the plaintiff's declaration, on the 1st of *May.* 1812, the plaintiff sold and conveyed 200 acres of lot No. 64. to one *Thomas Morris ;* and that no demand had been made by *Morris* upon the plaintiff, in consequence of any eviction of such portion of the lot.

The plaintiff, at the trial, proved the recovery in ejectment, as stated in the declaration, and that the costs of the ejectment suits, recovered by the plaintiff therein, amounted to 820 dollars and 46 cents ; that the costs of the defendants therein, amounted to 162 dollars and 76 cents, and that the present action was brought by the direction, and for the benefit of *Morris.*

It was proved, on the part of the defendant, that in 1805, and 1806, the plaintiff, by deeds, with warranty, conveyed to *James Ransom, Chester Marshall, Timothy Ketchum,* and *Jesse Wood,* each 100 acres of lot No. 64., and took their bonds and mortgages for the consideration money : that on the 10th of *June,* 1806, he released to *Morris* all his right and title to the lot, together with the bonds and mortgages of the purchasers ; and that, on the 15th of *July,* 1812, *Morris* conveyed 100 acres of the lot to *David Paddock,* by deed, with warranty. The defendant gave in evidence the releases set forth in his notice, and

also the payment of 129 dollars and 55 cents to *Timothy*
*Ketchum,* being, together with the sum mentioned in the release,
the full amount of the plaintiff's bill of costs in the suit against
*Ketchum.*

The judge declined giving any opinion on the evidence, but received it, with liberty to the parties to object, on the argument of the case, to the admissibility and effect of the whole, or any part of it; and a verdict was taken for the plaintiff for 2,172 dollars and 74 cents, being one fourth part of the consideration mentioned in the deed to the plaintiff, with six years' interest, together with the costs in the ejectment suits, including 50 dollars for counsel fees. It was agreed, that if the court should be of opinion that the plaintiff was entitled to recover, judgment should be entered for such sum as the court should direct.

*Cady,* for the plaintiff. The question that would seem to arise on the first view of the case is, whether a party, after he has aliened land, can maintain an action of covenant in a deed running with the land. But this case, it will be found, on examination, may be decided without discussing or deciding that question.

The defendant has pleaded *non est factum,* and given notice of special matter to be offered in evidence at the trial. The notice states that the plaintiff conveyed all his right and title to the lot to *five* persons. The proof is that he conveyed to *four* persons one hundred acres each, and the residue to another person, not named in the notice. Here, then, is a material and fatal variance between the notice and proof. The rule as to a plea, applies equally to a notice allowed to be given instead of a special plea.

*Talcot,* contra. If the court should be against the defendant, on the ground of a variance, they will, no doubt, allow him to amend his notice. But there is no necessity to ask that favour. The evidence is sufficient to support the notice. Every part of the notice being in *pari materia,* ought to be taken together, and a consistent interpretation given to the whole.

In *Delavergne* v. *Norris,** it was decided, that unless the    *7 *Johns. Rep.*<br>358.
grantee paid off the incumbrance. he could not, in an action of covenant, recover more than nominal damages; and that, if he does not choose to wait until he is evicted, he may satisfy the

* 12 Johns. Rep
126.   Morris v.
Phelps, 5 Johns.
Rep. 49  10 Mass
Rep  454     8
Mass. Rep. 243
4 Mass. Rep. 631.

† Peake's Ev,
266. (285 )

‡ Shelly's Case,
1 Salk. 296. 1
Show 81

§ Vrooman v.
Phelps. 2 Johns.
Rep. 177.

‖ 2 Johns. Rep
5  2 Mass Rep.
460. Cro Charles,
603  2 Roll. Abr.
411.,  Release,
(B )   Bac. Abr.
Covenant, 73.

** 13 Johns. Rep.
226.

mortgage and resort to the covenant. In *Guthrie* v. *Pugsley*,* it was held, that where there was a failure of title or breach of the covenant, as to part only, the plaintiff might recover damages *pro tanto*. He may then show an eviction as to part, since he can recover damages only for so much.

If the defendant pleads *non est factum* only, the other facts cannot be controverted; but though the other facts in the declaration are admitted by this plea, it does not preclude evidence of the damages.† So, in an action on the case against an administrator, though the plea of *plene administravit* admits the debt, yet the plaintiff must prove his debt, otherwise he is entitled only to nominal damages.‡

Again; notwithstanding there should be any failure of title, the bonds given by the mortgagors might be recovered at law.§

But the plaintiff having conveyed the land with warranty, he has devested himself of all title to the covenants, which passed, with the land, to the grantees; and *Ransom, Ketchum, Marshall*, and *Wood*, having released to the defendant all claims and demands on his covenant, no action can be maintained by them.‖ This is conclusive as to the 400 acres, and as the residue was conveyed to *Morris* by a mere quit-claim, there is no possibility of the plaintiff's being made liable on the ground of any defect or failure of title.

Again; to sustain this action. it is absolutely necessary that there should be an eviction. We deny the evidence as to all except four, and in regard to them, we gave evidence in mitigation of damages. A mere recovery of judgment in ejectment is no eviction.**

We contend, therefore, that if the notice were struck out of the case, the plaintiff is entitled to nominal damages only. The plaintiff is entitled to recover no more than the reasonable costs which have arisen in ascertaining the title; and those costs have been satisfied.

*Cady*, in reply, insisted, that the plaintiff was not bound to show an eviction; for the plea of *non est factum* put in issue only the deed, and admitted all the other facts averred in the declaration. By the pleadings, therefore, the whole burden of proof rested on the defendant, in support of his notice. Every necessary fact, on the part of the plaintiff, is admitted by the

plea. Though a *notice* need not be technical in form, it must be substantially correct, and proved as stated.*

ALBANY,
January, 1817.

KANE
v.
SANGER.
* *Lawrence* v.
*Knies.* 10 *Johns.*
*Rep.* 140.

SPENCER, J., delivered the opinion of the court.

Objections have been made to the plaintiff's right of recovery for any sum. First, it is contended, that by the conveyances to *Ketchum, Marshall, Ransom,* and *Wood,* and to *Thomas Morris,* the plaintiff has devested himself of all right to maintain any action on the covenant for quiet enjoyment. It has been decided in this court, in *Greenby* and *Kellogg* v. *Wilcox,* (2 *Johns. Rep.* 4.) that a covenant of seisin, broken the instant it was made, could not be assigned. It is a general rule, that where covenants run with the land, if the land is assigned or conveyed, before the covenants are broken, and afterwards they are broken, the assignee or grantee can alone bring the action of covenant to recover damages; but if the grantor or assignor is bound to indemnify the assignee or grantee, against such breach of covenant, there the assignor or grantor must bring the action. (2 *Mass. Rep.* 460.) Here the covenant being broken after the conveyance by the plaintiff, his grantees would be entitled to bring the action, were it not for the consideration that he conveyed to the first four named persons by deeds with warranty.

A second objection is taken, that the plaintiff has shown no eviction. It would, no doubt, have been incumbent on the plaintiff to have shown an eviction, if the state of the pleadings had required it, or put it in issue. The plea of *non est factum* dispenses with the proof of the averments in a declaration founded on a deed. It puts in issue the execution only of the instrument declared on. Under the notice accompanying the plea, the eviction of *Ketchum, Marshall, Ransom,* and *Wood,* is not questioned, but the notice denies that *William D. Paddock, Charles H. Toll, David Paddock,* or *Nehemiah Hand,* were evicted by any title paramount, or that they, or either of them, had any title to any part of lot 64. There is no evidence that they were, or were not evicted. As the proof of this fact was not thrown on the plaintiff by the form of the pleadings, and as the defendant assumed the proof that they were not evicted, he was bound to give evidence from which that fact could be legally inferred, and I perceive no evidence from which we can draw the inference.

Objections are made to the proof of the facts set up in the

notice : first, on the score of variance, and, secondly, that the facts thus given notice of could not be pleaded in bar, and, therefore, could not avail the defendant under a notice.

It is true, that the proof does vary from the facts stated in the notice. The notice sets up that the plaintiff conveyed, before the commencement of this suit, all his right and title to lot 64, in *Camillus*, to *Ketchum, Marshall, Ransom, Wood*, and *William D. Paddock;* the proof is, that he conveyed to the four former four hundred acres, one hundred acres to each, and the residue to *Thomas Morris*. Here, then, is a variance, and a notice must state truly the facts intended to be given in evidence; but I perceive nothing material in this.

The only remaining points are, whether the plaintiff, on the proof given, was entitled to recover any damages, and if any, to what amount. There is no evidence that the plaintiff has been subjected to the payment of any of the damages or costs recovered in the ejectment suits. The foundation of the suit is, that the defendant has broken his covenant for quiet enjoyment, and the plaintiff is thereby deprived of his remedy on the bonds and mortgages taken from the purchasers, and is subject to the payment of the costs recovered against his grantees.

If the plaintiff's grantees have been evicted by title paramount, as to one moiety, and if the right to recover damages therefor did not pass to the grantees, in consequence of the plaintiff's warranty to them, then, with respect to the consideration money and interest, I do not see that there can exist any solid objection to the plaintiff's recovery to that amount. The right to recover the costs, in aggravation of the damages, is very questionable, putting out of view the payment of them in favour of the suits, by the defendant, to the persons immediately affected, and who were solely liable for them to the plaintiff in the ejectment suits.

The deed to *Morris*, for 200 acres of the lot, is a quit claim ; and this deed being before the breach of the defendant's covenant, the right to recover damages, *pro tanto*, was vested in *Morris*, and as to that portion of the lot the plaintiff cannot recover. An assignee of part of the estate can maintain the action of covenant *pro tanto*. (3 *Com. Dig.* 262. 1 *Leo.* 250. 1 *Lev.* 109. *Th. Raym.* 80. *Co. Lit.* 385. a. *Shepard's Touchst.* 199.) To avoid circuity of action, a release from the plaintiff's grantees to the defendant, might have been available, but for the

mortgages given by *Ransom, Marshall, Ketchum,* and *Wood.* These mortgages *re-invested* the plaintiff with the seisin of the lands conveyed to them ; and, consequently, they could not release the defendant's warranty, because, in judgment of law, they ceased to be assignees, upon the execution of the mortgages.

The defendant has shown, (and this he might do under the general issue, when the inquiry became a mere question as to the extent of the damages,) that he has paid the costs to the defendants in the ejectment suits, and, therefore, the plaintiff cannot be subjected to them ; and as to the costs in the other suits, the plaintiff not having shown that he has paid them, I am of opinion that he cannot recover them. It appears to me that to allow the plaintiff to recover one sixth part of the consideration money, and six years' interest, consists with perfect equity. The plaintiff has paid the defendant for the lot ; the four purchasers have not paid any thing, as it appears they gave mortgages which are not stated to be satisfied. To suffer the defendant to acquire their releases, for the purpose of defeating the plaintiff's recovery, might be to defraud the plaintiff out of the money he has advanced. The court are of opinion that judgment must be given for the plaintiff accordingly, for one sixth part of the consideration expressed in the deed, with six years' interest.

Judgment for the plaintiff.