ALBANY,
Oct: 1825.

Withy
v.
Mumford

---

## WITHY *against* MUMFORD.

ON demurrer to the declaration. This was of a plea of breach of covenant; and stated that on the 21st of February, 1814, the defendant, by indenture between him and one Harnden, did grant, &c. to Harnden in fee, certain lands, (describing them); and that he did covenant, &c. with Harnden, his heirs and assigns, &c. to warrant and defend the premises, &c. against all persons claiming, &c.; that on the day of the execution of this indenture, Harnden entered into possession of the premises, &c.; and afterwards, March 12th, 1817, by indenture between him and the plaintiff, conveyed the same premises to the plaintiff, in fee, who entered, &c.; but was afterwards evicted by certain persons having lawful title, before the defendant conveyed to Harnden. And so, &c.

The defendant craved oyer of the indenture between Harnden and the plaintiff, which was granted; and the indenture set forth, contained a covenant of warranty from Harnden to the plaintiff, his heirs and assigns. For this cause,

Demurrer and joinder.

J. A. Collier, in support of the demurrer, cited *Kane* v. *Sanger*, (14 John. Rep. 89,) as a case in point for the demurrer. He said, the very question is there examined and decided by Spencer, the late Chief Justice, who delivers the opinion of the Court. The action should have been brought by Harnden. He also cited *Greenby* v. *Wilcocks*, (2 John. Rep. 1.)

A covenant, of warranty runs with the land. It is intended for the benefit of, and accordingly an action may be sustained upon it by, the assignee of the covenantee or his heirs.

A. grants to B., who grants to C., both grants being with warranty; then C. is evicted by a title paramount to A.'s title; *held*, that C. may bring covenant directly against A.; or he may sue B.; who, on paying, &c. may sue A.; and so of any successive number of warrantors.

*S. Sherwood*, contra, denied that the point, was necessarily involved in *Kane* v. *Sanger*. It is true, he said, the late Chief Justice laid down the proposition taken by the demurrer; but this was evidently done on very little reflection. The point was not discussed. He takes it for granted, that where a warrantee conveys the land with warranty, his grantee cannot sue the original warrantor; but must look to his immediate covenant of indemnity. For this, he cites 2 Mass. Rep. 460, containing a dictum of Chief Justice Parsons, who cites no authority. The dictum itself is put as a mere illustration; and when critically examined, cannot be understood as supporting the position which it is relied upon to prove. Clearly, the case of *Kane* v. *Sanger* is not law, if it decides what the counsel supposes. (*Greenby* v. *Wilcocks*, 2 John. Rep. 1. *Middlemore* v. *Goodale*, Cro. Car. 503, 505. Co. Litt. 385, *a.* Shep. Touch. 198, tit. *Warranty*, sec. 12. Vin. Abr. *Covenant*, (H) pl. 2. Id. (K) pl. 6.)

*Curia*, per SAVAGE, Ch. J. The point on which the defendant relies, is, that the deed from Harnden to the plaintiff containing a covenant of warranty, he cannot sue as assignee.

In the days of Lord Coke, the law was understood differently. He says, "if a man enfeoffeth A, to have and to hold to him, his heirs and assigns; A enfeoffeth B and his heirs; B dieth, the heir of B shall vouch as assignee to A; so as heirs of assignees, and assignees of assigns, and assignees of heirs, are within this word (assigns); which seemed to be a question in Bracton's time. And the assignee shall not only vouch, but also have a *warrantia cartæ*." (Co. Litt. 384, *b*, and the authorities there cited.)

The same doctrine is found in Spencer's case, (5 Rep. 17,) and in all the books. That the covenant to warrant and defend, is a covenant which runs with the land, and that the assignee is entitled to the benefit of all such covenants, is a proposition which needs not the citation of an authority for its support. The doctrine will be found, however, in 4 Cruise's Dig. 452, 3 to 7.

The case of *Middlemore* v. *Goodale*, (Cro. Car. 503,) was an action by the assignee on the covenant for further assurance. The defendant pleaded a release from J. S. with whom he made the covenant, which release was executed after the commencement of the suit. All the court agreed, that the covenant ran with the land, and that the assignee should have the benefit of it.

From these authorities, it is clear, that the covenant of warranty runs with the land, and is intended for the benefit of the grantee, his heirs or his assigns, according to the language of the covenant itself.

But it is contended by the defendant, that though the assignee of the grantee may generally resort to the original grantor, for a breach of the covenant happening after the assignment; yet he has not such remedy, when he has a warranty from his immediate grantor. There is surely nothing in the covenant of warranty itself, to justify such a doctrine; nor is there any reason growing out of the acts of the parties, why the assignee, by taking a warranty from his immediate grantor, should lose his claim upon the first grantor. It cannot operate by way of release. If this were the consequence, a quit-claim deed would often be a better conveyance than one with full covenants.

It is contended, however, that this doctrine is supported by authority, and the cases of *Greenby* v. *Wilcocks*, (2 John. 1,) and *Kane* v. *Sanger*, (14 John. 89,) are cited.

The case of *Greenby* v. *Wilcocks* decides, that an action upon the covenant of seisin, cannot be brought by the assignee, because the grantor, having no title when the covenant is made, it is broken immediately, before the assignment, and when broken, becomes a mere chose in action, and, as such, is incapable of assignment. This being the only reason given, it would seem to follow, that whoever was the owner of the land, which was the *substratum* of the covenant, would be entitled to prosecute for the breach of a covenant running with that land, if broken while the land was in his hands. This case, therefore, proves nothing against the plaintiff's right of recovery in the principal case, but rather supports it. The plaintiff, an as-

signee, has been evicted. The covenant remained unbro·
ken, till after the assignment to him. He has been dam-
nified; not the original grantee, Harnden; and if the de-
fendant's doctrine be correct, Harnden may recover dama-
ges which he never sustained, and may pocket the money;
while the plaintiff, upon whom the whole loss has fallen,
can recover nothing, if Harnden be unable to respond.
Such a doctrine I should hold utterly untenable, were it
not for what was said by the late Chief Justice Spencer,
in the case of *Kane* v. *Sanger*.

That was an action of covenant, brought to recover dam-
ages for an eviction of the plaintiff's grantees. The coun-
sel for the plaintiff seems not to have argued the main point;
but placed his right to recover upon a variance between the
defendant's notice and proof. Spencer, Justice, in deliver-
ing the opinion of the Court says, " it is a general rule, that
where covenants run with the land, if the land is assigned or
conveyed, before the covenants are broken, and afterwards
they are broken, the assignee or grantee can alone bring the
action of covenant to recover damages ; but if the grantor
or assignor is bound to indemnify the assignee or grantee,
against such breach of covenant, then the assignor or gran-
tor must bring the action." And he cites 2 Mass. Rep. 460.

In a subsequent part of the opinion, he admits, that to
avoid circuity of action, a release from the plaintiff's gran-
tees to the defendant, would have been a bar to the suit,
but for the circumstance, that they had given the plaintiff
mortgages; and the mortgages re-invested the title in the
plaintiff; so that, in effect, there were no assignees. The
plaintiff having conveyed away the property, and received
it back, stood as if no conveyance had ever been executed
by him. These mortgages had been assigned to Morris;
and it was a fact in the case, that the suit was brought by
the direction, and for the benefit of Morris; so that the recov-
ery, after all, was virtually in favor of the assignee.

The remark, therefore, that the assignee, with warranty,
could not maintain an action, as assignee, for a breach after
the assignment, was not called for. It professes to be suppor-
ted by no authority, but the case of *Bickford* v. *Paige*, (2
Mass. Rep. 460, per Parsons, Ch. J.) With the greatest

deference I do not understand such doctrine to be there asserted. The case itself was an action by the covenantee, against the covenantor ; and breaches were assigned upon the covenants of warranty, of seisin, and against incumbrances. The defendant pleaded, that the plaintiff, before suit brought, had conveyed to one Roberts, without any covenants making him liable for any defect of title. The plaintiff, in his replication, set out his deed to Roberts, being a release with warranty against himself, his heirs and assigns. To this replication the defendant demurred. No incumbrances were shown, nor any eviction. The Court, therefore, decided, that the plaintiff ought to recover on the covenant of seisin, on the ground that this covenant having been broken before the plaintiff's release to Roberts, it was a chose in action, unassignable in its nature; and, therefore, did not pass to Roberts by the release. Parsons, Ch. Justice, in the course of delivering the opinion of the Court, advances the doctrine relied on by the late Ch. Justice of this Court, in these words ; "It is a general rule, that when a feoffment·or demise is made of land with covenants that run with the land, if the feoffee or lessee assign the land, before the covenants are broken, and afterwards they are broken, the assignee, only, can bring an action of covenant, to recover damages, *unless the nature of the assignment be such, that the assignor is holden to indemnify the assignee against a breach of the covenants by the feoffor or lessor.* This rule is founded on the principle, that no man can maintain an action to recover damages, who can have suffered no damages."

Here, it is distinctly asserted, that the grantee, who is also the assignor, can maintain no action for damages, if he is himself not liable to his assignee. Why ? because he can have suffered no damages. The assignee, who has suffered damages, and he only, can bring the action in such a case. But, if the assignor has covenanted to warrant the assignee, and has actually sustained damage, in consequence of his covenant, by a recovery against him, then he has his remedy over against his grantor. Having been damnified, he is thereby re-invested with his original rights. Then he will have suffered the damages, which

he seeks to recover on the covenant to himself and, in such a case, the assignee is not the only person, who, under any circumstances, may prosecute the original grantor. That this is what Ch. J. Parsons meant, is evident from what he lays down as the foundation of the rule. The reason he gives is, *that no man can recover damages who has sustained none.* Mere liability is not enough. Actual damage must have been suffered by the assignor. to authorize the action by him. To place any other construction upon the language of Ch. J. Parsons, is to render him inconsistent with himself; beside making him stem the whole current of authority.

This subject has been very fully discussed in *Booth* v. *Starr,* (1 Conn. Rep. N. S. 244.) The facts were, that J. Booth conveyed with warranty, to S. Booth, a lot of land in Hudson. Booth conveyed to a third person, he to a fourth, and he to the fifth grantee ; all with covenants of warranty and seisin. The last grantee was evicted ; but the plaintiff, S. Booth, was not damnified. Swift, Justice. states the question to be, whether, in the case of a covenant of warranty, annexed to lands, an intermediate covenantee can maintain an action against a prior covenantor. without having been sued by, or satisfied the damages to the last covenantee, who has been evicted.

The question was discussed with great learning and ability, and at considerable length ; and the Court expressly decided, that the last covenantee, who has been evicted, may prosecute any, or all of the preceding covenantors, till he obtain satisfaction ; but that no intermediate covenantee can sue his covenantor, till he himself has been compelled to pay damages upon his own covenant.

In this case, the plaintiff might have sued Harnden, his own immediate grantor. He did not choose to do so. Harnden may have been dead, or insolvent, or the plaintiff may have had other reasons for preferring a direct resort to the defendant. It is sufficient for his purpose, that he had a legal right to do this.

In the case of *Garlock* v. *Closs*,(a) decided by this Court, in May term, 1824, a similar action was sustained by an intermediate covenantee, who had been damnified, though the property had passed through four different grantors, with warranty, down to himself. The plaintiff is entitled to judgment.

Judgment for the plaintiff.

ALBANY,
Oct. 1825.

Withy
v.
Mumford

(a) GARLOCK *v.* CLOSS. May Term, 1824.

COVENANT. The declaration stated, that the defendant Closs conveyed land, (describing it,) to J. G. Garlock, who conveyed to Dieffendorf, who conveyed to Conkling, who conveyed to H. Garlock, the plaintiff, who conveyed to Walradt, all with warranty; that Walradt was evicted under a deed from the Comptroller, upon a sale for taxes charged on the land, before the defendant conveyed; and that the plaintiff had paid Walradt the value of the land, with the costs of a suit brought for its recovery; with the costs of an action by Walradt against him upon his covenant.

Demurrer and joinder.

*J. Lynch*, in support of the demurrer, made this point, among others:

It appears that H. Garlock, at the time of the eviction, was the grantee of Conkling, with warranty. The suit should, therefore, have been brought by the plaintiff against Conkling, and not against the defendant.

In support of this point, he relied on *Kane* v. *Sanger*, (14 John. Rep. 89,) cited in the principal case.

*A. Conkling*, contra, took the same ground against that case, as was taken in the principal case by Mr. *Sherwood;* and cited Shep. Touch. 176, 198; Com. Dig. Covenant, (C. 3;) *Baylye* v. *Hughes*, (Cro. Car. 137;) Bac Abr. Covenant, (E,) pl. 2, 5; *Middlemore* v. *Goodale*, (Cro. Car. 503;) Co. Litt. 384, b.; and *Booth* v. *Starr*, (2 Conn. Rep. N. S. 244.)

*Lynch*, in reply, said he was not prepared, nor did he think it necessary, to defend the decision of this Court in *Kane* v. *Sanger*. No case, or dictum had been produced, negativing the distinction there taken.

Judgment for the plaintiff.

See also, *Campbell* v. *Lewis*, (3 B. & A. 392;) *Kingdon, Executrix*, v. *Nottle*, (1 M. & S. 355,) *Kingdon, Devisee*, v. *Nottle*, (4 M. & S. 53;) and *King* v. *Jones*, (5 Taunt. 418.)