Morrison *v.* Underwood.

## Morrison *v.* Underwood.

Covenants of seizin and against incumbrances are broken, if at all, upon the execution of the deed—if in one case the grantor is not seized according to the stipulations of his covenant, and in the other, if the property is subject to any incumbrance in conflict with the stipulation; but in neither case will the grantee recover more than nominal damages, unless it appears that he has suffered actual injury.

If the defect of title is remedied, or the incumbrance removed by the act of the grantee, he will recover the actual expense incurred, and a reasonable compensation for services in effecting the object, and nothing further.

If the defect of title is remedied, or the incumbrance removed by the grantor, without expense or trouble to the grantee, the latter can recover only nominal damages.

If the grantor of land by warranty deed obtain a conveyance to himself, of any title or interest in the land, such interest will vest by estoppel at once in his grantee; and if it precludes any damages from the causes covenanted against, it will limit the covenantee to nominal damages.

In assessing the damages, any facts occurring pending the suit, down to the time of making the assessment, may be given in evidence, and considered.

COVENANT BROKEN. The declaration alleges that the defendant on, &c., at, &c., executed a deed to the plaintiff of a certain farm, situate, &c., and covenanted with the plaintiff that on the day of the delivery of the deed, and until such delivery, the defendant was lawfully seized in fee simple of the premises, and that they were free from any incumbrance; whereas the defendant was not lawfully seized in fee simple of the premises, and they were incumbered by an annual rent to the town of Piermont, to be paid in corn, of great value, &c.

It was agreed that the defendant was not seized of one hundred acres, part of the premises conveyed in fee simple. This tract was a school right which had been leased by the town of Piermont, for nine hundred and seventy-eight years, reserving as rent one ear of Indian corn, to be paid to the selectmen of the town of Piermont, annually, should the same be personally demanded of the lessee or his assigns, on the first day of January in each year. The defendant had duly acquired all the rights of the lessee, and there was no other incumbrance except the said rent. Since the commencement of this suit the town of Piermont has quitclaimed to the defendants all its rights in said school lot, by deed dated the 24th day of February, 1849.

The plaintiff has not been disturbed in his possession by any one claiming under the town of Piermont, and there has been no demand for the rent, but he has occupied the farm conveyed, including the hundred acres, ever since the defendant's conveyance.

The parties submit to the court what shall be the rule of damages upon the foregoing facts.

*C. R. Morrison*, for the plaintiff.

*C. E. Thompson*, for the defendant.

BELL, J.   Covenants of seizin are broken, if at all, upon the execution of the deed, if the grantor is not then seized according to the stipulations of the covenant.   Platt Cov. 311; *Raynold* v. *Woolness,* Freeman 41; *Spencer's Case,* 5 Co. 16; *Bartholomew* v. *Candee,* 14 Pick. 167 ; *Abbot* v. *Allen,* 14 Johns. 253; 4 Kent Com. 470.

And covenants against incumbrances are at once broken, if the land is at the time of the conveyance subject to any incumbrance provided against by the covenant.   *Wyman* v. *Ballard,* 4 Kent Com. 471; 12 Mass. 304; *Tufts* v. *Adams,* 8 Pick. 549.   But in both these cases the grantee will recover nominal damages only, unless it appears that he has sustained actual injury ; *Bickford* v. *Page,* 2 Mass. 460; *Sprague* v. *Baker,* 17 Mass. 589 ; 12 Mass. 304, sup.; 8 Pick. 549, sup.; because it does not appear that he will ever suffer any damage.   The claims of others may never be enforced.   *Delavergne* v. *Norris,* 7 Johns. 358 ; *Witmore* v. *Green,* 11 Pick. 464.   He may have sold the property without covenants, for its value.   *Niles* v. *Sawtell,* 2 Mass. 460 ; 7 Mass. 444; *Kane* v. *Sawyer,* 14 Johns. 92.   He may have entered and assigned the property, so that his assignee would be entitled to recover of the first grantor full damages in case of an eviction.   2 Mass. 460 ; 14 Johns. 92; 12 Mass. 304; *Withy* v. *Mumford,* 5 Cow. 137.

His grantor may remove or remedy the defect or incumbrance, or the grantor, though *not seized,* may have had good right to convey, by virtue of some power or trust, as in the case of sales by executors or trustees to sell, administrators and guardians by license of courts of probate, sheriffs, and other public officers, under process of law.

But though in these cases the cause of action accrues upon the execution of the deed, the damages are assessed with reference to the state of facts existing at the time when the assessment is made ;' and any facts occurring pending the action, even down to the actual assessment of the damages, tending to increase or diminish the damages, may be given in evidence, and considered by the jury.

In cases where the grantee is kept out of possession, or he or any of his grantees is entirely evicted from the whole property, the ordinary rule of damages on both these covenants is the value of the land at the time of the conveyance, of which the consideration paid is the usual evidence, and interest; *Ela* v. *McCard*, 2 N. H. 178; *Morse* v. *Shattuck*, 4 N. H. 233; *Smith* v. *Strong*, 14 Pick. 134; *Kane* v. *Sawyer*, 14 Johns. 95; *Parker* v. *Brown*, 15 N. H. 188; and this is the extent of the vendor's responsibility. 4 Kent Com. 476; *Pitcher* v. *Livingston*, 4 Johns. 1.

If the defect of title or eviction extends only to a part of the land conveyed, as in this case, the damages are estimated at such part of the consideration paid as the part evicted bears to the value of the whole property. 2 N. H. 178; *Guthrie* v. *Pugsley*, 12 Johns. 176; *Dimmick* v. *Lockwood*, 10 Wend. 145; *Caswell* v. *Wendell*, 4 Mass. 108.

In estimating the damages, either party may show at what sum that part was valued in making the purchase. *Morse* v. *Shattuck*, 4 N. H. 233; *Warde* v. *Merwin*, 11 Pick. 280; *Wilkinson* v. *Scott*, 17 Mass. 257; *Pritchard* v. *Brown*, 4 N. H. 400. And the defendant may even show that nothing was in fact paid for it. *Barnes* v. *Learned*, 5 N. H. 266; *Leland* v. *Stone*, 10 Mass. 459.

The same principle is properly applied in cases where the defect of title applies, not to a part of the land conveyed, but to a part of the estate or interest which the grantor has undertaken to convey, as in the case of *Gray* v. *Briscoe, Noy*, 142, cited by the defendant's counsel.

The rule thus settled seems to be decisive as to the damages in this case upon the covenant of seizin. The grantor here covenanted that he was lawfully seized in fee of the premises conveyed. He was not in fact seized of the hundred acre tract. He had only the possession of it under a long lease. Perhaps in certain cases the grantee, on finding that, instead of the fee for which he contracted, he had obtained title to a mere lease for years, might have

the right at once to renounce the whole property, quit the possession, and reclaim the purchase money by action on his covenant of seizin ; in which case his damages should be the same as in the case of a total eviction. But if the purchaser takes and retains possession of the property, and for any reason does not avail himself of his right to rescind the whole contract, the measure of damages, on the principles stated, would be the difference in value of a fee simple estate and of a long lease for years.

In the case of the covenant against incumbrances, the familiar rule of damages, where the incumbrance is in fact removed by the grantee before the assessment of damages, is to allow such reasonable sum as it has actually cost the party to remove it, and a reasonable compensation for services in effecting the object. *Loomis* v. *Bedell,* 11 N. H. 74; *Wyman* v. *Ballard,* 12 Mass. 304 ; *Swift* v. *Adams,* 8 Pick. 547 ; *Harlow* v. *Thomas,* 15 Pick. 66 ; *Hall* v. *Dean,* 13 Johns. 105 ; *Cummings* v. *Little,* 24 Pick. 266.

And the same rule applies in cases of breach of the covenant of seizin, when the grantee, upon discovering the defect of title, has taken measures to obtain such conveyances as to secure himself against any further loss from the want of seizin of his grantor, because the rule is equally just in both cases. 1 N. H. 74; *Spring* v. *Chase,* 9 Shep. 505.

Between the execution of the deed, when the covenants in question are supposed to be broken, and the assessment of damages, the defect of title which constituted the breach of the covenant of seizin, may have been remedied by time or accident, by the acts of strangers, or by the acts of the grantor, without the interference in any way of the grantee or his assignee ; as by the death of a tenant for life, the performance of a condition or the like, or by the release or purchase of opposing claims ; or the incumbrance may have been removed in a similar way, as by the expiration of terms, the death of parties entitled to life

estates, the payment of mortgaged debts, the loss of attachments, and the like, or the purchase of outstanding interests. And the grantee, consequently, at the time damages are assessed, has the property and interest for which he contracted free of any incumbrance or defect, and this without trouble or expense to himself; and he would, therefore, be equitably entitled to recover nothing more than the nominal damages which are implied by law from every breach of covenant, and which give to the grantee a right of action, of which he will not be deprived without some act or neglect of his own.

In the present case, the deed of the town to the defendant transferred to him their reversionary interest, and, as an incident to that reversion, the annual rent secured by the lease of the hundred acres. Litt., sec. 572 ; Co. Litt. 151, b.

It is well settled that where a grantor of land by a warranty deed obtains a conveyance of any title or interest in the land to himself from a stranger, such interest will vest by estoppel at once in his grantee. *Kimball* v. *Blaisdell*, 5 N. H. 533.

If this precludes any damage from the causes covenanted against, it will limit the covenantee to nominal damages.

The deed then of the town had the effect to transfer the reversion they had to the plaintiff, by estoppel, and by the consequent merger to put an end to the rent; and the plaintiff's damages were, therefore, of a nominal amount only, and for them he must have judgment with costs.