ELLEN REAL AND P. S. REAL, PLAINTIFFS IN ERROR, v. JOHN A. HOLLISTER, DEFENDANT IN ERROR.

1. **Covenant:** EVIDENCE: POSSESSION OF GRANTOR. In an action upon the covenants of a warranty deed for a breach of warranty, proof that the real estate conveyed was a farm recently (before the execution of the deed) purchased from the owner in possession, and soon afterwards sold and conveyed to another person, there being no adverse claimant or assertion of any adverse title by any one, the absolute right, title, and possession being conceded to be in the grantors to the last conveyance, *Held*, To be sufficient proof of possession by the grantor, *prima facie*, to justify the trial court in finding that at the time of the execution of the conveyance the grantors were in possession of the land, and the covenants of warranty contained in the deed run with the land.

2. ———: SUBSEQUENT DEED TO CORRECT OMISSION IN FIRST. Where, on the 24th day of June, 1879, upon the sale of real estate, the conveyance was by deed denominated "warranty deed" upon its face, but which deed was of a form in common use in some of the states as a warranty deed, but not of the form used in this state; and where, on the 14th day of February, 1880, the grantor executed and delivered to the grantee a deed of conveyance of the form and kind in common use in this state, containing full covenants of warranty, it was *Held*, That such facts were sufficient to justify the trial court in an action commenced on the 8th day of December, 1883, in finding that the second deed was executed for the purpose of correcting the apparent omission in the first one, and that the covenants of warranty of title run with the land and would convey to the grantee the right of the grantor to the covenants of *his* grantor.

3. **Trial:** ACTION AGAINST TWO DEFENDANTS: MOTION FOR NEW TRIAL. Where in an action against two defendants charging them with the making and the breach of a joint warranty in the sale and conveyance of real estate, the evidence is sufficient as to one, but insufficient as to the other defendant, the verdict and judgment being against both, and the one against whom the evidence was insufficient made no motion for new trial as to himself alone, the judgment will not be disturbed.

4. **Married Women:** BOUND BY COVENANTS IN DEED. Under the provisions of the act of the legislature of 1871, commonly

known as "the married woman's act," Compiled Statutes, Ch, 53, a married woman is liable upon her covenants of warranty in the sale of real estate which is her separate property, whether she be joined by her husband in such conveyance or not; section 48 of Ch. 73, Compiled Statutes, having been passed in 1866, being by said act abrogated to that extent.

5. **Covenants:** EVIDENCE OF EVICTION. Where in an action upon the covenants of warranty of title contained in a deed or conveyance of real estate it is shown that a decree in equity has been entered against the grantee and plaintiff, setting aside his title and declaring that he held as trustee for the plaintiff in that action, and requiring a conveyance to such plaintiff; and where after such decree the plaintiff in the action conveys the land to a third party, who, in an action of ejectment, recovers judgment against the present plaintiff for the possession of the property, *Held*, Sufficient proof of eviction.

ERROR to the district court for Fillmore county. Tried below before MORRIS, J.

*John P. Maule* and *Marquett, Deweese & Hall*, for plaintiffs in error.

*Brown & Ryan Bros.*, for defendant in error.

REESE, J.

The original action in this cause was founded upon the covenants of warranty contained in a warranty deed dated February 25, 1875, executed by plaintiffs in error to one Michael Real, the grantor of defendant in error. The defendant in error was evicted by a paramount title, and brought suit upon the covenants of the deed to Michael Real, alleging that the covenants contained in the deed run with the land, inured to his benefit, and were broken. Judgment was rendered in his favor in the district court, and the defendants in that action bring the cause into this court for review by proceeding in error. The questions presented will be noticed in their order.

It is contended by plaintiffs in error that the proof

fails to show they were in possession of the land conveyed at the time the deed in question was executed, and it having been adjudicated that they had no title to the real estate, therefore the covenants were broken at the time of the execution of the deed, and became a mere chose in action, not running with the land, and hence not assignable by Michael Real to defendant in error. The testimony introduced upon the trial upon the question of the possession of plaintiffs in error was not of the most satisfactory character. The plaintiffs in error introduced no testimony. It is shown by testimony offered by defendant in error that the land was originally conveyed by patent from the United States to one Linas Clapp, under the provisions of the homestead laws. Clapp being in possession conveyed it to R. P. Walker, who took possession and soon afterward sold it to plaintiff in error, Ellen Real. She held it but a short time when she, with her husband, conveyed to Michael Real, her deed being the one on which this action was founded.

The land was a farm, forty acres of which were under cultivation, and while it is not shown directly that plaintiffs in error were ever in actual physical possession themselves, yet we think there was enough to show that the possession was theirs though held under them by another. There was no adverse claimant on the farm. The title of Mrs. Real was not questioned, and her possession by those occupying it not disputed. The trial court was justified by the evidence in finding with defendants in error upon this question of fact. Indeed we do not see how it could have found otherwise. The deed from plaintiffs in error to Michael Real contains the usual covenants found in warranty deeds in common use in this state, viz., of seizure, against incumbrances, right to convey, and of general warranty. This being true, it is clear that so far as this deed is concerned the covenant of warranty would run with the land and inure to the benefit of a subsequent grantee.

But it is claimed that the covenant of title did not inure to the benefit of defendant in error for the reason that the deed from Michael Real to him merely conveyed the interest of Michael Real, and that this deed being without covenants of any kind, and containing no assignment of any kind, except the transfer of his naked title, defendant in error took nothing but such title as Michael had. The deed here referred to was dated June 24th, 1879. On the 14th day of February, 1880, Michael Real executed another deed to defendant in error for the same property, with full covenants. But it is insisted that this deed conveyed nothing, as the former deed had divested Michael of his title. The first deed is more than a quit-claim, and yet not such a warranty deed as is in common use in this state. It is the form used for warranty deed in Indiana, and perhaps in other states where by statute it is made sufficient as such. It is as follows:

### "WARRANTY DEED.

" The grantors, Michael Real and Elizabeth Real, his wife, of the town of Milo and county of Bureau, in the state of Illinois, for and in consideration of one thousand dollars in hand paid, convey and warrant to John A. Hollister, of the county of Fillmore and state of Nebraska, the following described real estate, to-wit;" followed by a description of the land and a release of homestead rights, etc.

While this deed may not be such an one as under the law of this state would amount to a deed of full covenants of warranty, yet ·it shows upon its face to have been an effort to make a warranty deed, and would thus be so closely connected with the deed executed February 14, 1880, as to remove all doubt as to the intention of the grantors at the time of its execution, and to give the grantee the full benefit of the warranties contained in both. This being, in our view, beyond question, the con-

veyance from Michael Real to defendant in error must be treated as one of full covenants of title which run with the land.

The covenant of warranty is said to be the most effective of the covenants in American deeds, and in some of the states the only one in general use. . *Leary v. Durham*, 4 Ga., 593–601. *Dickinson v. Hoomes*, 8 Gratt., 355–399. It runs with the land and passes with the fee to any subsequent grantee of the same title. *Rindskopf v. Farmers' Loan and Trust Co.*, 58 Barb., 36. *White v. Whitney*, 3 Metc. (Mass.), 81. *Lawrence v. Senter*, 4 Sneed, 52. *Moore v. Merrill*, 17 N. H., 81. *Le Ra De Chaumont v. Forsythe*, 2 P. & W., 507. And the last vendee with warranty may therefore maintain an action for a breach of the covenant against the first or any other warrantor. *Lawrence v. Senter, supra*. *Kane v. Sanger*, 14 Johns., 89. *Withy v. Mumford*, 5 Cow., 137. *Clayton v. Munger*, 51 Ills., 373. We therefore conclude that plaintiffs in error are liable to defendant in error upon the covenants in their deed to Michael Real.

It is claimed that as the proof shows that P. S. Real never at any time owned the land, it being held alone by Ellen Real, his wife, he is not liable to plaintiff in error; that the covenant of title so far as it affected him was broken at the time the deed was executed, and therefore it did not run with the land and was not assignable. This proposition is met by defendant in error with the contention that P. S. Real cannot now raise this question, he having failed to do so in the trial court by a separate motion for a new trial, or in this court by a separate petition in error. By an inspection of the record we find that plaintiffs in error joined in the motion for a new trial, neither asking any relief which might not be found to be common to both. The grounds assigned being—"1st, Error of law occurring at the trial and excepted to by defendants. 2d, That the decision and finding of the court is not sus-

tained by sufficient evidence. 3d, That the decision and finding of the court is contrary to law."

In *Long and Smith v. Clapp*, 15 Neb., 417, it has been held by this court, Chief Justice COBB writing the opinion, that in an action against two defendants charging them with the making and the breach of a joint warranty in the sale of chattels, the evidence being sufficient as to one but not to the other defendant, where the verdict was against both, and the one against whom there was but insufficient evidence made no motion for a new trial as to himself alone, and judgment was rendered against both, it would not be disturbed. It seems to us that the rule as there stated, when applied to a judgment rendered upon a joint warranty, is fully applicable to this case, and must settle it adversely to plaintiff in error, P. S. Real. It is true he filed a separate answer; but he appears to have abandoned all idea of a separate defense in the further progress of the case. The petition in error following the motion for a new trial is a joint petition.

It is next insisted that as Ellen Real was a married woman at the time of the execution of the deed in question, and the deed is executed by herself and husband jointly, she is not, under our statute, bound by the covenants in her deed. In support of this we are cited to section 48, Chap. 73 of the Compiled Statutes. This section is as follows: " A married woman shall not be bound by any covenant in a joint deed of herself and husband." This section was enacted in 1866, and is carried down from the Revised Statutes. What is generally termed "the married woman's act" was adopted in 1871. Laws of 1871, p. 68, Compiled Statutes, Chap. 53. By section 2 of this act it is provided that, " A married woman, while the marriage relation subsists, may bargain, sell, and convey her real and personal property, and enter into any contract with reference to the same in the same manner, to the same extent, and with like effect as a married man may in relation

to his real and personal property;" and by section 3 of the same act it is provided that, "A woman may, while married, sue and be sued in the same manner as if she were unmarried." It is very evident that the later enactments of the legislature upon this subject must control the earlier, and that by the act of 1871 the rule laid down in the section first above quoted is abrogated, and that the plaintiff in error, Ellen Real, is liable to an action upon her covenants contained in the deed executed by her, it being with reference to her property.

The last question presented by plaintiffs in error, is that there is no proof of an eviction. The testimony shows that one James W. Parker recovered a decree in the circuit court of the United States for the district of Nebraska, against defendant in error, by which it was adjudged that at the time the United States conveyed the land to Linas Clapp the St. Joseph and Denver City Railway Company was entitled to a conveyance thereof, and that defendant in error held the legal title to the property in dispute in trust for said Parker, and requiring him to execute a conveyance thereof to Parker, or in case of his failure to do so in thirty days that a conveyance be made by a master in chancery, designated by the court. It is also shown by proper proof that after this decree was entered in the circuit court James W. Parker conveyed the real estate in question to A. C. Goodman, and that A. C. Goodman conveyed it to George M. Wood, and that George M. Wood brought suit in ejectment in the district court of Fillmore county against defendant in error, and on the 30th day of November, 1883, recovered a judgment against him for the possession of the property. There is some uncontradicted evidence tending to show that plaintiffs in error had notice of the pendency of these actions against defendant in error. There is no proof that an execution was issued upon the judgment for the possession of the land, nor that defendant was forcibly evicted therefrom. Nor do we think

such proof was necessary. We know of no rule of law which would require a person in possession after his title had been destroyed by a decree in equity, and a judgment of eviction had been rendered against him by a court of law, to still refuse to surrender possession, and have to pay the costs of an eviction by execution. Such proceedings as were had in the cases referred to would certainly amount to an eviction. His title was destroyed and his right to the possession of the property was gone. The paramount title was fully established. This was sufficient.

It follows that the judgment of the district court must be and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.