McGregor v. Friedrichs, Esq.          CV-98124-M     09/22/99
UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Douglas McGregor and
Karen McGregor,
     Plaintiffs

     v.                                    Civil No. 98-124-M

James J. Friedrichs, Esq.,
     Defendant

## ORDER ON MOTION IN LIMINE

Plaintiffs' position on damages is not only confusing, but their memorandum is remarkable in that it contains no citations of legal authority to support their position.  "It is well settled that issues are deemed waived when 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.'"  United States v. Fulmer, 108 F.3d 1486, 1495 (1st Cir. 1997) quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)  ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work . . . .").


Legal Fees

Defendant's motion in limine is granted as to plaintiffs' claim for attorneys' fees and recovery of other costs of litigation not specifically allowed by law to prevailing parties.

Plaintiffs have made no supportable argument at all that some cognizable legal theory (statute, rule, common law) supports their claim for attorneys' fees or other costs of litigation, and there does not appear to be any obvious legal basis for such a claim. Accordingly, the usual rule applies and the parties must bear their own legal fees and costs (except of course costs allowed by rule to prevailing parties). Plaintiffs are precluded from presenting to the jury evidence related to damages in the nature of legal fees or costs incurred in bringing this tort action.

Damages

Defendant's motion in limine is denied, but without prejudice to interposing an appropriate objection at trial when the evidentiary context is clear.

To the extent plaintiffs seem to believe that they may recover damages for title defects in excess of reasonable costs to cure those defects, they are probably wrong. Again plaintiffs cite no legal authority to support their position (which seems to be that they are entitled to multiple recoveries). Defendant, on the other hand, seems to wrongly presuppose that the driveway easement issue will necessarily be resolved, and, that the cost of resolving the issue as well as the resolution itself are

2

undisputable. It is far more likely that the finders of fact will have to hear evidence and determine the cost of remedying the defect if the defect is not in fact remedied before trial.

In any event, New Hampshire's law of damages applicable to cases such as this seems reasonably straightforward. With regard to the damages issues raised by defendant's motion in limine, counsel might wish to review, prior to mediation, and certainly prior to trial, the following: Morrison v. Underwood, 20 N.H. 369 (1850); Jon Groetzinger, Jr., Breach of the Warranty Covenants in Deeds and the Allowable Measure of Damages, 17 N.H. Bar J. 1 (1975).


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

September 22, 1999

cc:  Steven M. Latici, Esq.
     Peter G. Beeson, Esq.