## DUNCAN, SHERMAN & CO.

### *v.*

### NATHANIEL NILES.

1. AGENT — *when and in what manner liable when acting without authority — and herein, when the contract is void.* When one who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract in the name of the other, he is not personally liable on the covenants in the deed, or on the promise in the simple contract, unless it contains apt words to bind him personally.

2. The following instrument was executed without authority:

"BELLEVILLE, Ills., 1st August, 1860.

"$10,000. On or before the first day of August, 1861, the county of St. Clair Ills., promises to pay John J. Anderson & Co., of St. Louis, Mo., the sum of ten thousand dollars, for value received, negotiable and payable without defalcation or discount, at the Bank of Commerce in New York city, with interest from date, at the rate of ten per cent. per annum. NATHANIEL NILES,

" *County Judge of St. Clair County.*'

*Held* that the contract was wholly void, and neither party could be held on it. Not the county, for they gave no authority to the judge to bind them; not the judge, for there are no apt words in it sufficient to bind him.

3. Had the judge falsely represented himself as the agent of the county, and authorized to obtain this money, and did so obtain it, he might be reached by a special action on the case for the fraud, or in some other appropriate action, but not on the note itself.

4. COUNTY — *when and how liable.* Or the county might be sued in assumpsit, if they, in fact, received the money.

WRIT OF ERROR to the Circuit Court of St. Clair county.

The pleadings and proceedings in this cause are set forth in the opinion of the court.

Messrs. UNDERWOOD & NOETLING, for the plaintiffs.

Mr. THOMAS QUICK, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

The plaintiffs in error brought this action of assumpsit against the defendant on the following instrument of writing:

BELLEVILLE, ILL., 1st August, 1860.

$10,000. On or before the 1st day of August, 1861, the county of St. Clair, Ill., promises to pay John F. Anderson & Co., of St. Louis, Mo., the sum of ten thousand dollars, for value received, negotiable and payable, without defalcation or discount, at the Bank of Commerce in New York city, with interest from date at the rate of ten per cent. per annum.

NATHANIEL NILES,
*County Judge of St. Clair County.*

This instrument was indorsed on the day of its date to the plaintiffs in the action. To the declaration a demurrer was interposed, which the court sustained.

The question presented is as to the liability of Niles on this instrument. The demurrer admits he had no authority from the county to execute it to bind them, and there is nothing on the face of the instrument showing that Niles intended by it to bind himself. It is manifest the money was advanced, not on his credit, but on the credit of the county, and the promise to pay is in the name of the county.

It is not entirely clear what the rule is in such cases. It is not uniform in the several States. Some of the courts hold that the party pretending to act as agent, but having no authority so to act, is personally liable, and can be held on the contracts. *Dusenbury* v. *Ellis*, 3 Johns. Cases, 70; *White* v. *Skinner*, 13 Johns. 307; *Taft* v. *Brewster et al.*, 9 ib. 334; *Mott* v. *Hicks*, 1 Denio, 513; *Meech* v. *Smith*, 7 Wend. 315. And so in New Jersey. *Bay* v. *Cook*, 2 N. J. 343. In New Hampshire it is held, if a person having no authority to act as agent, undertakes so to act in making a contract, and the contract which he makes, rejecting that part of it which he was not authorized to put into it, contains apt words to charge himself, he is personally liable. *Woodes* v. *Dennett*, 9 N. H. 55.

The rule in Massachusetts seems to be different. In *Abbey*

v. *Chase*, 6 Cushing, 56, the court say : When one who has no authority to act as another's agent, assumes so to act, and makes either a deed or a simple contract in the name of the other, he is not personally liable on the covenants in the deed, or on the promise in the simple contract, unless it contains apt words to bind him personally. The only remedy against him in this commonwealth, is an action on the case for falsely assuming authority to act as agent. The same doctrine is held in *Harper* v. *Little*, 2 Greenl. (Maine), 14; *Stetson* v. *Patton*, ib. 358; and in Connecticut, *Ogden* v. *Raymond*, 22 Conn. 385; and in Indiana, *McHenry* v. *Duffield*, 7 Blackf. 41; and also in Pennsylvania, *Hopkins* v. *Mahaffy*, 11 Serg. & Rawle, 126. 1 Parsons on Contracts, 57, and notes of the case of *Jenkins* v. *Hutchinson*, in the Queen's Bench.

We are inclined to think, with these authorities, that the contract is wholly void, and neither party can be held on it. Not the county, for they gave no authority to the judge to bind them; not the judge, for there are no apt words in it sufficient to bind him. If the defendant falsely represented himself as the agent of the county, and authorized to obtain this money, and did so obtain it, he may be reached by a special action on the case for the fraud, or in some other appropriate action, but not on the note itself; or the county might be sued in assumpsit if they, in fact, received the money. The judgment must be affirmed.

*Judgment affirmed.*