# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1878.

## WILLIAM H. BROADWELL

v.

## HORACE CHAPIN ET AL.

1. PRINTING DELINQUENT TAX-LIST—FEES—PERSONAL LIABILITY OF COLLECTOR.—The sheriff of a county acting *ex-officio* as collector, is not personally liable for the payment of printers' fees in publishing the delinquent tax-list. Among his official duties he is required to make out and cause to be published a delinquent tax-list, and the printer who receives it for publication knows it to be an official act; to be paid for at the rate and in the manner prescribed by law.

2. NOT LIABLE EXCEPT BY EXPRESS AGREEMENT.—Where a public officer contracts in good faith with parties having knowledge of the extent of his authority, he will not become personally liable unless the intent to incur a personal liability is clearly expressed.

*Semble.*—That if such officer could be made personally liable in an action of assumpsit, a demand should be made while he is in office and before he has made final settlement with the county, so that he could claim the credit on such settlement.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for appellant; that appellant was acting as a public officer, and incurred no personal liability, cited Mann et al. v. Richardson, 66 Ill. 481;

(511)

Duncan et al. v. Niles, 32 Ill. 532; Parks v. Ross, 11 How. 375; Sandburn v. Neal, 4 Minn. 126.

Messrs. EPLER & CALLON, for appellees; cited Rev. Stat. Chap. 120, § 187.

HIGBEE, P. J.   It appears by the record in this case that appellant was sheriff and *ex-officio collector* of public revenue in Morgan county for the year 1874, and that appellees were at that time the publishers of the Jacksonville *Journal*, published in said county.

On the 1st of October, appellant sent to the office of appellees for publication the delinquent tax-list, which was inserted in the paper of that date, but owing to a mistake of the collector in making out the list, it became necessary to publish it again, which was done at the request of appellant in the next week's issue of said paper, omitting therefrom certain tracts and lots on which the taxes had been paid after the first insertion, and changing the time in the notice when application would be made for judgment.   The printer's fees fixed by law, for publishing the list and notice—twenty cents for each tract of land and ten cents for each town lot—amounted to $140.40 for the first insertion, and $105.00 for the second.

Appellant paid to appellees the $140.40 for the first list, and took their receipt therefor in full, and applied for and obtained judgment against the lands and lots in the second list mentioned.

The record does not show whether the lands and lots against which judgment was rendered were sold or forfeited and struck off to the State, or that the collector ever received the fees allowed by law, or any fees for publishing the same.

Appellees, not having received the $105.00 for the last publication in August, 1875, and appellant's term of office having expired, commenced this suit in assumpsit in the County Court of said county to recover the same, and appealed to the Circuit Court, where a judgment was rendered in favor of plaintiffs below, and the case is now appealed to this court, and the judgment of the Circuit Court assigned for error.   On the trial

below, it was admitted by appellees that there was no express contract between the parties by which appellant had become personally liable for the service rendered, and that the suit was brought to recover on an implied contract.

The revenue law in force in 1874, see Sec. 182, Rev. Stat. 1874, p. 843, makes it the duty of the collector to publish the delinquent tax list, together with a notice of his intended application for a judgment, "in a newspaper published in his county, if any such there be, and if there be no such paper printed in his county, then in the nearest newspaper in this State. * * * When the publisher of any paper that may have been selected by the collector, shall be unable or unwilling to publish such advertisement, the collector shall select some other newspaper, having due regard to the circulation of such paper."

"Sec. 186. The printer, publisher or financial officer or agent of the newspaper publishing the list of delinquent lands and lots, shall transmit by mail, or other safe conveyance, to the collector four copies of the paper containing said list, to one of which he shall attach his certificate under oath. * * * Upon receipt of said papers and a demand being made, the collector shall pay to the printer the amount of the fees allowed by law for publishing said list and notice, and it shall be his duty to file one copy of said paper in his office, and deliver one copy to the auditor, and one copy to the State treasurer, who shall file and safely preserve them in their respective offices."

"Sec. 187. In all cases where there is an error in the advertised list, the fault thereof being the printer's, which prevents judgment from being obtained against any tract or lots, or against all of said list at the time stated in the advertisement that judgment will be applied for, the printer shall lose the compensation allowed by this act for such erroneous tracts or lots, or entire list as the case may be."

"Sec. 232. If any lands or lots shall be forfeited to the State for taxes or special assessments, the collector shall be entitled to a credit in his final settlement, for the amount of the several taxes and special assessments thereon, the county to

allow the amount of printer's fees thereon and be entitled to said fees so allowed when collected."

There is evidence in the record tending to show a demand for the money sued for, but it fails to show that such demand was made by appellees at the time they delivered the delinquent lists to appellant, or at any time before he went out of office and settled up his accounts. Appellant testifies that he had never received any money with which these fees could be legally paid.

If appellant could be held personally liable to appellees in this form of action for their fees, a demand should be made while he is in office, and before he has made final settlement with the county, so that he could claim the credit on such settlement. But we do not think him personally liable in an action of assumpsit in any event. The collector is a public officer, elected by the people, and required to give bond for the faithful discharge of the duties of his office, which are prescribed by law. He is the collector and custodian of the public revenues, and required to keep accurate accounts of all moneys received and paid out, and the particular funds to which they belong, for which he receives such compensation as is allowed by law.

Among other duties he is required to make out and cause to be published the delinquent list, and the printer or publisher who receives it knows it to be an official act, to be paid for at a rate and in the manner prescribed by law.

The provision of Sec. 186 which requires the collector upon receiving the lists from the printer to pay him his fees, requires the performance of an official act, and does not make it his duty, if there are no public moneys in his hands, to pay it out of his individual money. He is to charge it up to the county, and give credit to the same fund for all printer's fees afterwards collected, and should he fail to receive an equal amount, the county allows him the difference in the final settlement.

It is an established rule of law that an agent who contracts in the name of his principal is not liable to a suit on his contract, much less a public officer acting in his official capacity. Whenever his contract or engagement is connected with a

Broadwell v. Chapin et al.

subject fairly within the scope of his authority, it shall be intended to have been made officially and in his public character, unless the contrary appears by satisfactory evidence of an express agreement to be personally liable.    Parks v. Ross, 11 How. 362.    In the case of Mann et al. v. Richardson, 66 Ill. 481, our Supreme Court held that where an officer or public agent contracts in good faith with parties having knowledge of the extent of his authority, he will not become individually liable unless the intent to incur personal liability is clearly expressed, and this although it should be found that through ignorance of the law he may have exceeded his authority.

To the same effect is the case of Duncan et al. v. Niles, 32 Ill. 532; Sanborn v. Neal et al. 4 Wis. 126; 10 Conn. 329; 22 Conn. 379; 12. Wend. 179.

The question whether appellees ought not to receive compensation, or who shall bear the loss if any is ultimately sustained, is not presented by this record. The only question now presented is whether upon the case made the law implies a personal promise to pay for the printing by appellant, upon which an action of assumpsit will lie, and we are satisfied that it does not.    If the officer has been guilty of any misfeasance or nonfeasance in office to the injury of appellees, the law undoubtedly affords a remedy for the wrongful act, but so long as he acts within the scope of his authority he is entitled to the protection the law gives him.    For these reasons the cause is reversed.

Judgment reversed.

Davis, J., dissenting.