JOHN B. LONG AND J. E. SMITH, PLAINTIFFS IN ERROR, v. D. C. CLAPP ET AL., DEFENDANTS IN ERROR.

| | |
|---|---|
| 15 | 417 |
| 16 | 33 |
| 17 | 666 |
| 19 | 545 |
| 19 | 745 |
| 22 | 424 |
| 15 | 417 |
| 33 | 92 |
| 15 | 417 |
| 31 | 149 |
| 32 | 395 |
| 15 | 417 |
| f38 | 281 |
| 15 | 417 |
| 41 | 98 |
| 41 | 251 |
| 41 | 522 |
| 15 | 417 |
| 43 | 504 |
| 15 | 417 |
| 48 | 147 |
| 15 | 417 |
| 53 | 481 |
| 55 | 17 |
| 15 | 417 |
| 56 | 841 |

1. **Damages:** GENERAL RULE. In addition to the general measure of damages, the law in some cases imposes upon a party injured from another's breach of contract or tort the active duty of making reasonable exertions to render the injury as light as possible. Where this duty exists, the labor or expense which its performance involves is chargeable to the party liable for the injury thus mitigated.

2. **The instructions** given by the court to the jury, as set out at length in the opinion, *Upheld.*

3. **Action against two Defendants:** VERDICT: NEW TRIAL. Under the provisions of sec. 429 of the code, in an action against two defendants charging them with the making and the breach of a joint warranty in the sale of chattels, the evidence being ample as to one but insufficient as to the other defendant, the verdict and judgment should be against the one and for the other. And in such a case, where the verdict was against both defendants, and the one against whom there was but insufficient evidence made no motion for a new trial as to himself alone, and judgment was rendered against both, it will not be disturbed.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*A. H. Babcock* and *Brown & Ryan Brothers,* for plaintiffs in error.

Proof shows simply that Smith was a joint owner. This would not justify a verdict on the warranty of Long. *Mayberry v. Willoughby,* 5 Neb., 375. *Boeklen v. Hardenburgh,* 37 N. Y. Sup. Ct., 110. *Woodward v. Cowing,* 41 Me., 9. *Iliff v. Brazill,* 27 Iowa, 131. Parsons on Partnership, 95. *Norton v. Thatcher,* 8 Neb., 191. *Huckabee v. Nelson,* 54 Ala., 14. *Powers v. Irish,* 23 Mich., 429. *Richards v. Walton,* 12 Johns., 434. *Dickson v. Burke,* 28 Tex., 117. *Fuller v. Robb,* 26 Ill., 246. *Dickerson v. Chrisman,* 28 Mo., 134.

27

*Colby & Hazlett* and *L. M. Pemberton,* for defendants in error.

Damages ·recoverable.   Field, §§ 273, 288, 274, 906. Sutherland, 435.   Long testifies that he and Smith were *jointly interested.*   What that joint interest was does not appear, but jury were justified in finding it sufficient to make them partners.   *Nebraska Railway v. Lett,* 8 Neb., 251.   1 Lindley on Partnership, 236.   *Chapman v. Murch,* 19 Johns., 290.   *Osgood v. Lewis,* 2 Har. & Gill., 495. Long was authorized by Smith to sell his interest in the sheep, and an authority to sell such property carries with it an authority to warrant.   *Schuchardt v. Allens,* 1 Wallace (U. S.), 359.   *Andrews v. Kneeland,* 6 Cowen, 354. *Taylor v. Green,* 8 C. & P., 316.   2 Addison on Cont., § 631 (Morgan's Ed.), and cases cited in note 1.

Cobb, Ch. J.

This action was brought in the court below by the defendants in error against the plaintiffs in error for damages occasioned by a breach of warranty in the sale by plaintiffs in error to defendants in error of five hundred head of sheep, which were warranted to be sound and free from scab, etc., but which were diseased and affected with the scab.   The said plaintiffs in the court below also alleged and set up in their petition that they then had on their farm another band of sheep, consisting of 500 head, which were sound and free from disease; that when they bought the said first mentioned sheep it was with the intention and purpose of placing and keeping them together with said band which they already had on hand, all of which they allege was known to the defendants below at the time of said sale and warranty; that they took the said sheep so warranted to their farm and turned them in with their other band above mentioned; that in consequence thereof the said disease affected and spread among the sound sheep of said

original band "until the whole flock become diseased, and three hundred and eighteen valuable ewes and seven valuable bucks thereof died of the said disease, and the remainder of said flock become covered with scab and lost large quantities of wool of great value, and become sick and dropped and lost their lambs of great value and required extra care and nursing and doctoring; that they had to and did hire extra help—several men for during about nine months  *  *  *  and did necessarily expend large sums of money for medicines and extra sheds and pens and doctoring and caring for said diseased sheep, to-wit, the sum of $500; and that by reason of the premises plaintiffs have been damaged in the sum of $6,000," etc.

The defendants answered severally: Long admitting the sale of the sheep to the plaintiffs, but denying every other allegation contained in the petition; and Smith denying everything.

There was a trial to a jury, verdict against both defendants, and judgment for $1,500 against both defendants, who bring the cause to this court on error.

The first point made by plaintiffs in error in their brief is founded upon the alleged error of the court in permitting certain questions to be propounded to and answered by witnesses on the part of the plaintiffs below as to the expense incurred by the plaintiffs below "in curing these sheep, medicines, ointment, and doctoring them for the purpose of curing the disease," and to which the witnesses answered: "Tobacco cost $150; don't know price of medicines and ointment." Also the following question: "What was the expense of extra help in caring for these sheep when diseased?"  A.  "The extra care is according to the winter; and from the time the sheep broke out we were with them all the time, and had five men through lambing, five with ourselves, that is, three others  *  *  *  it must have cost us three hundred dollars for extra help."

So far as the warranted and diseased sheep were con-

cerned, if their value in their diseased condition had been definitely fixed, and no longer a question to be affected by the evidence, then this testimony might have been unnecessary, and hence its admission erroneous. But as I understand the testimony the value of sheep in the diseased condition in which these were proved to be, was, at the time this testimony was given, an open question. The value of a diseased band of sheep, if the disease is curable, depends among other things upon the cost of the medicines and extra labor and attention in taking care of them, necessary to effect a cure.

No doubt the law of damages is correctly stated by counsel for plaintiff in error in their brief, that "the measure of damage on sale of diseased sheep is the difference in value at the time of the breach and the value if the warranty had been true. But in many cases the law adds to this the reasonable costs of the measures which the injured party is bound to take to lessen the damages."

The rule is thus stated in Sutherland on Damages, vol. 1, p. 148: "The law imposes upon a party injured from another's breach of contract or tort the active duty of making reasonable exertions to render the injury as light as possible. If, by his negligence or willfulness, he allows the damages to be unnecessarily enhanced, the increased loss, that which was avoidable by the performance of his duty, falls upon him. This is a practical duty under a great variety of circumstances, and as the damages which are suffered by a failure to perform it are not recoverable, it is a duty of great importance. Where it exists, the labor or expense which its performance involves is chargeable to the party liable for the injury thus mitigated; in other words, the reasonable cost of the measures which the injured party is bound to take to lessen the damages, whether adopted or not, will measure the compensation the party injured can recover for the injury, or the part of the injury, that such measures have or would have prevented." See also cases there cited.

But it was not the warranted sheep only that were involved in the expenditure under consideration. These had been turned in with plaintiffs' original band of sound sheep, which had also become infected with the disease, and the expense of "medicines, ointment, and doctoring" was indiscriminately devoted to the whole band. It will not be questioned that the expense of medicines and doctoring the original band was properly chargeable to defendants as part of the damages resulting from the breach of warranty of the soundness of the others. On either of these grounds I think the testimony admissible.

The second point is made upon the third instruction given by the court to the jury on the part of the plaintiff. The instruction is as follows:

"3. The jury are further instructed that, if you find from the evidence that the defendants sold the said sheep as alleged in plaintiffs' petition, representing the said sheep to be all right, sound and free from scab and foot rot, when they were not sound and free from disease, but that all or any of them at the time of the sale were affected and had been exposed to an infectious and contagious disease, and that, relying on the defendant's representations as true, and having no knowledge of the actual condition of said sheep, and plaintiffs put the said sheep in question, purchased of defendants, into plaintiffs' own flock with other sheep belonging to and owned by plaintiffs, whereby they also became diseased and infected by scab or the disease from the said sheep mentioned in plaintiffs' petition purchased from the defendants, and any of said sheep died of said disease, and others become impaired and depreciated in value by reason thereof, without any fault or neglect of the plaintiffs, then the defendants are liable for the loss so sustained."

There was testimony in the case that the plaintiffs had turned a number of bucks into the band after the sheep had, some of them, shown signs of the disease, and some of

said bucks died of the disease. As to these bucks, the court, at the request of defendants, instructed the jury as follows:

"8. It appears from the plaintiffs' own testimony that the plaintiffs knew at the time they turned the bucks in with the ewes that the ewes were infected with the scab, the plaintiff cannot, as to such bucks, recover any damage for any injury they may have sustained by reason of such disease."

The defendants complain of instruction No. 3 of plaintiffs', given above, because, as they say, it recognizes no distinction between the right of recovery as to the five hundred sheep previously owned and the bucks. Taking the two instructions together, I think that such distinction is fully recognized. In the first named instruction, as to damages to "other sheep," the plaintiffs' right to recovering is limited to the case where, "relying on the defendants' representations as true, and having no knowledge of the actual condition of said sheep, they put the said sheep in question, purchased of defendants, into plaintiffs' own flock and with other sheep," etc. Now this instruction very clearly, to my mind, excludes from the consideration of the jury those bucks which were knowingly turned into the band after the plaintiffs were no longer without "knowledge of the actual condition of said sheep," and after they had ceased to rely upon the defendants' representations in that behalf as true; and as to them, the court tells the jury in the eighth instruction of defendants that the plaintiffs cannot recover. I cannot well conceive how the law could have been more correctly stated, nor do I think it possible that the jury could have failed to understand the instructions.

The third and final point made by plaintiffs in error is, that there was not sufficient evidence to sustain a verdict and judgment against the defendant Smith, etc.

As to this point, whatever might be the views of the court as to the weight of the evidence connecting the de-

fendant Smith with the sale and warranty of the sheep, I do not think that the judgment can be disturbed on that account. It has often been said in this court that an objection to a judgment or other proceeding of a district court will not be heard primarily here. The only right possessed by this court in the case at bar rests upon its appellate jurisdiction. And it has as often been said that, before this court will reverse any judgment or order of a district court it must be made to appear that the matter has been brought before and to the attention of that court, and a ruling had thereon. It is that ruling which this court will in a proper case reverse.

There was a motion for a new trial in this case, and one of the grounds therein stated is, that "the verdict is not sustained by sufficient evidence;" also, that "the verdict is contrary to law;" but this point is not made, that the evidence fails specially in its application to defendant Smith. Under the common law practice, where the declaration counted upon a joint liability on the part of several defendants, and the evidence only proved a several liability as to one of them, the plaintiff was nonsuited. But not so under the code. Section 429 provides that: "Judgments may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment may be proper. The court may also dismiss the petition with costs, in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants, or to proceed in the cause against the defendant or defendants served." This is an exact copy of section 371 of the Ohio code, under

which it has been held that, "Judgment may be rendered for or against one or more of several defendants where it turns out upon the trial that only one or more of several defendants in such joint action is liable," etc.   Such being the law, the motion for a new trial as made was properly overruled.   It has not escaped notice that the motion for a new trial commences as follows: "And now on this day come said defendants and separately move the court for a new trial," etc.   But the use of these words does not alter the fact nor make that two motions which was but one. See *Dunn v. Gibson*, 9 Neb., 513.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.