| 22 | 421 |
| 53 | 481 |

WILLIAM H. HOKE, E. GRIFFIN, A. M. COFFEE, AND GEORGE W. AKERMAN, PLAINTIFFS IN ERROR, V. D. S. HALVERSTADT, DEFENDANT IN ERROR.

1.  Action against two defendants: VERDICT: NEW TRIAL.
    Under the provisions of section 429 of the civil code, in an action against two or more defendants, upon a joint obligation, the evidence being ample as to one, but insufficient as to the other defendants, the verdict and judgment should be against one and in favor of the other. In such case, where the verdict was against all the defendants, and those against whom there was but insufficient evidence, made no motion for a new trial

as to themselves alone, and judgment was rendered against all,
it will not be disturbed.

2.  Petition, examined, and *Held*, Sufficient when assailed after
verdict.

ERROR to the district court for Johnson county.    Tried
below before BROADY, J.

*Cornish & Tibbets*, for plaintiff in error, cited : *Clarke v.
O. & S. W. R. R.*, 5 Neb., 331.   Civil code, Sec. 92.

*L. C. Chapman* and *E. W. Metcalfe*, for defendant in
error, cited :   1 Nash. Pl. and Pr., 142.    *Turner v. Kil-
lian*, 12 Neb., 580.   *Burgess v. Everett*, 9 Ohio State,
429.   *Tessier v. Reed, Jones & Co.*, 17 Neb., 105.

REESE, J.

This is a proceeding in error to the district court of
Johnson county.   The action was against plaintiff in error
Hoke, who was a constable, together with the other plaint-
iffs in error, as sureties upon his official bond.

The allegations of the petition may be briefly stated to
be :   That on the 23d day of January, in the year 1885,
the plaintiff in error, as such constable, under and by vir-
tue of an order of attachment placed in his hands for exe-
cution, levied upon certain personal property as the prop-
erty of one E. A. Halverstadt; that at the time of the
levy, defendant in error held a chattel mortgage on the
property to secure a debt of $300, of which plaintiff in
error had due notice, when the levy was made.   Plaintiff
in error sold the property, in pursuance of his levy, and
this action is for the damages caused thereby to the holder
of the mortgage by being deprived of the security for his
debt.   The answer of plaintiffs in error admitted the exe-
cution of the mortgage and alleged that it was fraudulent
and void as against creditors, and especially as against

the plaintiffs in the attachment proceedings. It is further alleged that the mortgaged property consisted of a stock of goods in a grocery, confectionery, and restaurant, and that after the execution of the mortgage, the mortgagor, with the consent of the defendant in error, who was the mortgagee, sold the goods in the usual course of trade with the consent and knowledge of defendant in error. The attachment proceedings are set out in full, but as there is no point made as to their legality, they need not be further noticed.

We may further remark that there is no proof in the record that defendant in error had any knowledge of the sale of the goods, nor that he had given his consent thereto. These facts are also denied by him in his testimony. There is nothing in the mortgage conferring this right, and the contention that the mortgage was void by reason of such sales, may be disposed of with the remark that the verdict of the jury upon this question must be final, it being supported by sufficient evidence.

In addition to the averments contained in the answer to which we have referred, there is a general denial of each and every of the allegations in the petition, except such as are expressly admitted. It is admitted that plaintiff in error, at the time of the seizure and sale, was constable of Todd Creek precinct, in Johnson county, as alleged in the petition, but there is no admission that the other plaintiffs in error were sureties upon his official bond nor that any bond had ever been executed. There was no testimony introduced tending in any way to prove the execution of such bond, or that the other plaintiffs in error, aside from Hoke, were bound to respond for the damages. The verdict of the jury by which the case was tried was in favor of defendant in error and against all of the plaintiffs in error, for the sum of $130, upon which judgment was rendered against all. This was clearly erroneous, and would call for a reversal of the judgment were it

not for the fact that no separate defense or issue was pre-
sented by the sureties separate from the general answer of
Hoke, and no separate motion for a new trial was made by
them, they preferring to rest their defense and motion for
a new trial upon the general issues involved in the case and
the allegations of error presented by the principal defendant,
Hoke.

In *Long and Smith v. Clapp*, 15 Neb., 417, which was
an action for a breach of a joint warranty in a sale of
chattels, it was decided that where the evidence was ample
as to one, but insufficient as to another defendant, the ver-
dict and judgment should be against the one only and not
the other, but where the verdict was against both, and the
one against whom there was but insufficient evidence
made no motion for a new trial, as to himself alone, and
judgment was rendered against both, the judgment would
not be disturbed.

The then chief justice, COBB, in writing the opinion,
says: "There was a motion for a new trial of this case,
and one of the grounds therein stated is, that the verdict
is not sustained by sufficient evidence; also that the ver-
dict is contrary to law; but this point is not made, that
the evidence fails especially in its application to defendant
Smith. Under the common law practice, where the dec-
laration counted upon a joint liability on the part of sev-
eral defendants, and the evidence only proved a several
liability as to one of them, the plaintiff was nonsuited.
But not so under the code." He then quotes section 429
of the civil code, which need not be here re-copied, but
which is to the effect that judgment may be rendered for or
against one or more of several plaintiffs, and for or against
one or more of several defendants; that it may determine
the rights of the parties on either side as between them-
selves, and it may grant a defendant any affirmative relief
to which he may be entitled.

Plaintiff in error, by his motion for a new trial, failed

to present to the trial court the question of the want of evidence as against the sureties; no objection being made by them upon that ground, they must be deemed to have waived their right now to object.

It is now insisted that the petition of defendant in error was not sufficient to entitle him to any affirmative relief. It is true that it is not skillfully drawn, and, upon motion for a more specific statement, it might have been required to be made more definite and certain; but sufficient appears, when assailed after verdict, to show a cause of action, and the judgment will not for that reason be set aside. There was sufficient to apprise plaintiffs in error of the nature of the claim against them, and of the relief sought. This, under the liberal provisions of the code, will be held sufficient when assailed after verdict.

No prejudicial error appearing of record, the judgment cannot be molested. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.