DAVID COLE v. PATRICK W. O'BRIEN.

[FILED FEBRUARY 24, 1892.]

Agency: UNAUTHORIZED ACTS: PERSONAL LIABILITY. When one who assumes to act as another's agent, without authority so to do, signs the name of the other as maker of a due bill, he is not personally liable in an action thereon, unless it contains apt words to charge him as such.

ERROR to the district court for Dawson county. Tried below before HAMER, J.

*H. M. Sinclair*, and *Stewart & Rose*, for plaintiff in error, cited: *Bartlett v. Tucker*, 104 Mass., 339; *Hall v. Crandall*, 29 Cal., 568; *Wallace v. Bentley*, 77 Id., 19; *Lander v. Castro*, 43 Id., 497; *Duncan v. Niles*, 32 Ill.,

532 ; *Ogden v. Raymond,* 22 Conn., 379; *Taylor v. Shel-ton,* 30 Id., 132; *Baltzen v. Nicolay,* 53 N. Y., 467; *White v. Madison,* 26 Id., 117; *Hampton v. Speckenagle,* 9 S. & R. [Pa.], 212; *Hopkins v. Mehaffy,* 11 Id., 126; *Lazarus v. Shearer,* 2 Ala., 718.

*C. W. McNamar, contra,* cited: *Shepherd v. Conquest,* 33 Eng. L., 257 ; *Jarvis v. Brooks,* 27 N. H., 65; *Bank v. Rudolf,* 5 Neb., 527 ; *Rawlins v. Kennard,* 25 Id., 181.

NORVAL, J.

This suit was brought in the court below by Patrick W. O'Brien against Mary Cole and David Cole, upon a written instrument of which the following is a copy :

"PLUM CREEK, NEBRASKA, September 16, 1885.

" Due P. W. O'Brien for account of D. B. Cole, $350, three hundred and fifty dollars, within one year from date.

"M. COLE."

There was verdict for the plaintiff against David Cole for $314.40, and the jury found no cause for action against Mary Cole.   The defendant David Cole brings error.

The defendants were husband and wife.   At and for several years prior to the execution of the due bill, Mrs. Cole owned a grocery store at Plum Creek.   The business was managed by the husband and was conducted under the name of " M. Cole."   On the 16th day of September, 1885, David Cole executed and delivered the due bill sued on, in settlement of a claim of $600 which defendant in error held against one D. B. Cole, a son of the defendants. Although it appears that David Cole was in the habit of signing his wife's name in the management of the grocery store, yet she did not authorize him to sign her name to the due bill, nor did she know that he had done so until some time afterwards ; that he had acted as her agent in the management of the store, conferred no authority to sign her name to the instrument when it was not given for her

benefit, of which the plaintiff was aware. It having been given without her authority and not for her use and benefit, or for her separate estate, the instrument, as to her, is void, and the jury so found.

The court charged the jury that "if David Cole, without being requested by his wife so to do, signed her name to the paper sued on, he is himself liable, and you may render a verdict against him, if you so find, for the amount remaining unpaid." We think this instruction is erroneous and was prejudicial to the plaintiff in error. There is nothing upon the face of the instrument showing that he personally promised to pay the amount therein named. It is not his contract, but purports to be the obligation of M. Cole. While he assumed the act as her agent without authority, he is not for that reason personally liable in an action upon the due bill. The remedy of the defendant in error, if any, is an action for the fraud of David Cole in falsely assuming authority to act as her agent. (1 Parsons on Contracts, 68; *Abbey v. Chase*, 6 Cush. [Mass.], 56; *Ogden v. Raymond*, 22 Conn., 379; *Bartlett v. Tucker*, 104 Mass., 339; *McHenry v. Duffield*, 7 Blackf. [Ind.], 41; *Hopkins v. Mehaffy*, 11 Serg. & Rawle [Pa.], 126; *Hall v. Crandall*, 29 Cal., 568; *Duncan v. Niles*, 32 Ill., 532.)

There is in the bill of exceptions some testimony tending to show that the store at Plum Creek belonged exclusively to David Cole, and that he carried on the business under the name of "M. Cole," although the weight of the evidence is to the effect that his wife was the sole owner. If the husband was in fact the proprietor of the store, and with intent to bind himself, signed to the due bill the name under which he carried on business, instead of his true name, he would be liable in an action on the instrument itself, for in such case it would be his own obligation. The jury could not have found for the plaintiff upon that ground for the reason that such view of the case was not submitted to them by the instructions.

For the error in giving the instruction complained of the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.