## LEWIS S. LOOMER V. SABERT THOMAS.

FILED NOVEMBER·8, 1893.    No. 4635.

38 277
43 595

1. **Breach of Contract:** NEGLIGENCE IN PREVENTING DAM-
AGES. The law imposes upon a party injured from another's
breach of contract or tort the active duty of making reasonable
exertions to render the injury as light as possible. If by his
negligence or willfulness he allows the damages to be unneces-
sarily enhanced, the increased loss, which was avoidable by the
performance of his duty, falls upon him. *Long v. Clapp*, 15
Neb., 417, followed.

2. ———: ———: SETTLEMENT AND COUNTER-CLAIM: INSTRUC-
TIONS. This was a suit for balance due on account of pasturing
cattle. The defendant pleaded (*a*) settlement; (*b*) counter-claim
for damages sustained by loss of and injury to cattle on account
of plaintiff's negligence. The instructions of the court to the
jury on the subject of the defenses of settlement and counter-
claim approved and set out at length in the opinion.

ERROR from the district court of York county. Tried
below before SMITH, J.

The opinion contains a statement of the facts.

*E. A. Gilbert,* for plaintiff in error :

Cross-examination is limited to the facts elicited by the
examination in chief. (*Mordhorst v. Nebraska Telephone Co.,*
28 Neb., 610.)

When a cross-examination is carried to an unreasonable
length upon new matters, and thereby improper testimony
is obtained, it is error. (*Bell v. Prewitt,* 62 Ill., 362.)

The court erred in giving the seventh, eighth, and ninth
paragraphs of instructions. (*Brewer v. Wright,* 25 Neb.,
305; *Price v. Mahoney,* 24 Ia., 582; *Smith v. Evans,* 13
Neb., 314; *McCleneghan v. Omaha & R. V. R. Co.,* 25
Neb., 523.)

*Sedgwick & Power, contra,* cited: *Long v. Clapp,* 15
Neb., 420.

RAGAN, C. .

Sabert Thomas sued Lewis Loomer in the district court of York county, to recover $562.80, less $200 paid by Loomer, for a balance due on contract for pasturing Loomer's cattle during the summer of 1889, at sixty cents per head per month.

Loomer made four defenses:

1. That the price for pasturage agreed upon was fifty-five cents per head per month, instead of sixty cents.

2. That he had been damaged on account of improper care of the cattle while Thomas had them in pasture, and on account of Thomas allowing some of the cattle to escape and become lost.

3. That there had been a settlement between the parties, and that the amount due Thomas had been agreed upon, which amount should not be paid until the lost cattle had been returned by Thomas.

4. That he had paid Thomas $300 instead of $200.

To these defenses Thomas replied by a general denial of all the allegations of new matter in the answer.

Thomas had a verdict and judgment, and Loomer brings the case here.

The first error assigned is, "The verdict is not sustained by the evidence."

A number of witnesses testified in the case, and the evidence on every issue is more or less conflicting. Thomas' evidence sustains his theory of the case, and Loomer's evidence sustains his defenses. It is not so much a question of the sufficiency of the evidence. The question is largely one of the credit of the witnesses and the weight of the testimony. Now, this court did not hear the witnesses testify; had no opportunity to observe them, or their manner of testifying, or their demeanor while on the stand. The jury heard, saw, and observed the witnesses, and weighed the evidence, and reached a conclusion. For the supreme

court to disturb this verdict because, had we been the triers of the issues of fact, we might have reached a different conclusion, would be for the court to usurp the functions of the jury.   It has long been settled in this state that the supreme court has no authority to set aside the verdict of a jury unless the same is clearly wrong. · For this court to interfere with a jury's conclusion it must be unsupported by competent evidence.   It is not enough to cancel a verdict, that all the evidence on which it rests is conflicting.   This court cannot weigh the conflicting testimony of witnesses. The jury alone can do this.

The next error alleged by Loomer is that Thomas was permitted to cross-examine him upon matter not testified to by him, Loomer, in his direct examination.   We have carefully examined the record as to this assignment of error, and it must suffice to say that the cross-examination complained of was fairly limited by what Loomer had testified to when on the stand.   True, the cross-examination was perhaps longer than necessary, but we do not think that Loomer was deprived of any right thereby.

The remaining errors assigned relate to the giving by the court of instructions 7, 8, and 9.   They are as follows:

"7. If you believe from the evidence that the defendant delivered a large number of cattle for pasture to the plaintiff, and there was no definite or certain agreement between the parties as to how long plaintiff should keep said cattle, then defendant had the right to take possession of said cattle at any time; and if you further believe from the evidence that, during the time plaintiff had said cattle in his pasture, the defendant frequently saw said cattle and knew that plaintiff was neglecting to water and properly care for said cattle, and knew that by reason thereof said cattle were being injured, or that the defendant was being damaged thereby, then the law imposes upon the defendant the active duty of making reasonable exertions to prevent the damages and render such injuries or damages, if any,

as light as possible; and if, by his own negligence or carelessness, defendant permitted said damages to be unnecessarily enhanced, the increased loss, if any, must be borne by the defendant.

"8. If you find from a preponderance of the evidence that the defendant is entitled to recover damages on account of negligence of the plaintiff in looking after and caring for defendant's cattle, if any such is proved, then the measure of the defendant's damages would be what said cattle are impaired and depreciated in value, if any such you find, and the value of the cattle lost or that died, if any such you find, on account of the negligence of the plaintiff, provided you further find from the evidence that such loss or damages occurred without any fault or neglect on the part of the defendant.

"9. In order to constitute a settlement it must appear from the evidence that the parties expressly or impliedly agreed upon a balance due, and, although you may believe from the evidence that on or about the 8th day of October, 1889, the parties met together and looked over their accounts and struck a balance, this would not be binding upon the parties as a settlement unless you further find from the evidence that both the parties then agreed or understood that such balance should be regarded as the amount due from the defendant to the plaintiff."

We perceive no error in any of these instructions.

Plaintiff in error's chief complaint, however, is directed to No. 7. In Sutherland on Damages, vol. 1, p. 148, it is said: "The law imposes upon a party injured from another's breach of contract, or tort, the active duty of making reasonable exertions to render the injury as light as possible. If, by his negligence or willfulness, he allows the damages to be unnecessarily enhanced, the increased loss, that was avoidable by the performance of his duty, falls upon him." The instruction complained of is within the rule here laid down. This rule has also received the

approval of this court. (See *Long v. Clapp,* 15 Neb., 417; *Omaha Coal, Coke & Lime Co. v. Fay,* 37 Neb., 68.)

There is no error in the record and the judgment of the district court must be affirmed, and it is so ordered.

AFFIRMED.