JAMES GORDON ET AL. V. WILLIAM LITTLE.

FILED JUNE 26, 1894.   No. 4648.

1. A joint assignment of error in a petition of error made by two or more persons which is not good as to all who joined therein will be overruled as to all.

2. A judgment without a finding to support it is not void, but is erroneous.

3. Replevin: DAMAGES.   In an action of replevin, where the property has been taken under the writ and possession thereof delivered to the plaintiff, he is entitled, if successful in the suit, to have his damages assessed for the unlawful detention of the property by the defendant.   If no formal assessment of damages has been made by the court or jury, no judgment for damages can be properly rendered.

ERROR from the district court of Gage county.   Tried below before APPELGET, J.

Hazlett, Bates & Le Hane and L. M. Pemberton, for plaintiffs in error.

Chamberlain Bros. & Rood, contra.

NORVAL, C. J.

This was an action in replevin brought by defendant in error against plaintiffs in error to recover possession of a quantity of household furniture, one billiard table, two pool tables, one bar, and some saloon fixtures.   There was a trial to the court, a jury being waived, with a finding that the right of property and right of possession was in plaintiff at the commencement of the action, and upon which finding, without an assessment of damages, the court rendered judgment against the defendants for five cents damages and the costs of suit.   The defendants prosecute error.

Although there are ten assignments of error in the peti-

Gordon v. Little.

tion in error, only two are discussed in the brief of counsel, namely, the evidence is insufficient to sustain the findings, and the judgment does not conform to the findings.

It is firmly settled in this state that a motion for a new trial and ruling thereon are necessary to obtain a review in this court of the proceedings of the district court by petition in error. (*Carlow v. Aultman*, 28 Neb., 672; *Jones v. Hayes*, 36 Neb., 526; *Withnell v. City of Omaha*, 37 Neb., 621, and cases there cited.) An examination of the record before us fails to disclose that any motion for a new trial was made in the court below by the defendant Eli Sivey, therefore we are precluded from reviewing the testimony in the case for the purpose of ascertaining whether or not it is sufficient to support the judgment as to said Sivey. The defendants below filed a joint petition in error in this court. The assignment of error therein, relating to the sufficiency of the evidence, not being good as to Sivey by reason of his failing to file a motion for a new trial, the question presented is whether it is good as to his co-plaintiff in error, James Gordon? We think the answer must be in the negative. We have frequently held that a motion for a new trial is indivisible, and when made jointly by two or more persons, if it cannot be sustained as to all, it must be overruled as to all. (*Long v. Clapp*, 15 Neb., 417; *Dutcher v. State*, 16 Neb., 30; *Real v. Hollister*, 17 Neb., 661; *Dorsey v. McGee*, 30 Neb., 657; *Hagler v. State*, 31 Neb., 144; *Scott v. Chope*, 33 Neb., 41.) The same principle holds good here. A joint assignment of errors in a petition in error, not good as to all who joined therein, will be held bad as to all. Judge Elliot, in his valuable work on Appellate Procedure, at section 318, states the correct rule thus: " Where several parties unite in one assignment of errors, they will encounter defeat unless the assignment is good as to all. If the errors affect the parties severally, and not jointly, the proper practice is for each party to assign errors, for the rule is well settled that a joint assign-

ment will not permit one of several parties to avail himself of errors alleged upon rulings which affect him alone and not those with whom he unites in the assignment." It follows from the foregoing, as well as our own cases already mentioned, that the evidence in the case cannot be reviewed by us.

The remaining ground urged for a reversal,—that the judgment for damages is not based upon any finding of the court,—will be considered, since it was not necessary to present that objection by a motion for a new trial. When such motion was made and passed upon in the trial court, no judgment had then been rendered, and the defendants had the right to presume that the proper judgment would follow the findings. Section 192 of the Code declares that "in all cases, when the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on an issue joined, or on inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which, with costs of suit, the court shall render judgment for [against] defendant." Under the foregoing section, the plaintiff was entitled to have assessed all damages sustained by him by reason of the unlawful detention of the property by the defendants. He proved upon the trial substantial damages. Had he offered no evidence upon the subject, the other issues having been found in his favor, he would have been entitled to have nominal damages assessed. The court, it will be observed, failed to make a formal assessment of damages, the judgment, therefore, although not void, is erroneous. (*Doty v. Sumner*, 12 Neb., 378; *Connelly v. Edgerton*, 22 Neb., 82.) A judgment must conform to the findings. (*Black v. Winterstein*, 6 Neb., 224; *Search v. Miller*, 9 Neb., 26; *Bowers v. Rice*, 19 Neb., 576; *Lamb v. Briggs*, 22 Neb., 139.)

The defendant in error is given permission to file with the clerk of this court, within twenty days, a remittitur of

all damages, and if such remittitur is so filed, the judgment will be affirmed; otherwise it will be reversed, and the cause remanded for a new trial.

JUDGMENT ACCORDINGLY.