CORTELYOU, EGE & VANZANDT ET AL. V. JUSTIN McCARTHY, SR.

FILED JANUARY 19, 1898. No. 7759.

| 53 | 479 |
| 55 | 17 |
| 53 | 479 |
| 56 | 642 |
| 53 | 479 |
| 59 | 308 |

1. Action on Supersedeas Bond: PLEADING. The averments of the petition *held* to sufficiently state a cause of action on a superse-deas bond.

2. ——: ——. In an action on a supersedeas bond, *held* unnecessary to allege the issue and return of an execution *nulla bona.*

3. New Trial: JOINT MOTION. A motion for a new trial should be overruled as to all the parties joining therein if it is not available to any one of them.

ERROR from the district court of Holt county. Tried below before KINKAID, J. *Affirmed.*

*H. M. Uttley,* for plaintiffs in error.

*H. E. Murphy* and *M. F. Harrington, contra.*

RYAN, C.

On November 6, 1890, Justin McCarthy, Sr., recovered a judgment against the firm of Cortelyou, Ege & Vanzandt in the district court of Holt county. This judgment was affirmed in the supreme court (*Cortelyou v. McCarthy,* 37 Neb. 742), and this action was brought upon the supersedeas bond given in the original action. From a judgment rendered as prayed the principals and sureties on the bond prosecute error to this court.

It is first urged that the petition failed to state a cause of action against the parties to the bond. The petition recited the pendency of the action, the rendition of judgment, the giving of the bond copied in the petition, and its approval, the affirmance of the judgment, the issuance of a mandate and the fact that said mandate had been spread upon the records of the aforesaid district court. It was averred that no part of the judgment had been paid, except a sum for which credit was given in the petition, and that there remained, and still continued due, the sum of $1,480, for which amount judgment was prayed. This we think sufficiently stated a cause of action.

There were averments in the petition disclosing the issuance and return *nulla bona* of an execution on the judgment after its affirmance, but this we have purposely omitted, because such averments are not required in an action on an undertaking of the nature of that herein sued upon. (*Flannagan v. Cleveland,* 44 Neb. 58; *Johnson v. Reed,* 47 Neb. 322.) This renders it unnecessary to consider whether or not there was error in permitting the sheriff to amend his return, a matter with

respect to which plaintiffs in error have complained in their petition in error and in their brief.

It is contended that there was error in sustaining a demurrer to certain defenses pleaded in the amended and substituted answer. This alleged error is not now available, for the reason that after this ruling was made the defendants in the district court withdrew their said amended and substituted answer and elected to stand upon a single designated defense in the original answer.

We cannot determine that there was error in the refusal of the district court to grant the application of the defendants for a continuance, because the affidavits on which such application was founded were not preserved by a bill of exceptions.

The motion for a new trial was jointly made by the defendants in the district court; hence that motion is available to none of the said defendants unless it is available to all. (*Long v. Clapp*, 15 Neb. 417; *Boldt v. Budwig*, 19 Neb. 739; *Hoke v. Halverstadt*, 22 Neb. 421; *Hagler v. State*, 31 Neb. 144; *Dorsey v. McGee*, 30 Neb. 657; *Scott v. Chope*, 33 Neb. 41.) This consideration renders unavailable the argument that there was no proof of the execution of the supersedeas bond, for there was direct undisputed evidence that said bond was signed by Mr. Cortelyou.

There is found no error in the record and the judgment of the district court is

AFFIRMED.