BENJAMIN P. KNIGHT ET AL. V. ARTHUR T. DARBY.

FILED MAY 4, 1898. No. 8076.

1. **Joint Motion for New Trial: REVIEW.** Where several defendants join in a single motion for a new trial, and also join in the petition in error, an affirmance as to any one of them requires an affirmance as to all.

2. **Creditors' Bill: CANCELLATION OF CONVEYANCES.** A surety on a promissory note, after demand was made on him for the interest due, refused payment and, soon afterward, executed two conveyances of his available real estate, one of which conveyed a valuable tract to his sons for a small consideration and the other conveyed a tract to his attorney to apply on an inflated account for service. In an action in the nature of a creditors' bill to subject such property to the satisfaction of a judgment on the note, the findings of the court setting aside such conveyances will not be disturbed.

3. **Trial to Court: EVIDENCE: REVIEW.** Where a case is tried to the court without the aid of a jury, it will be presumed that the court did not consider improper evidence in making its findings.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Affirmed.*

*Joseph Crow* and *John L. Carr*, for plaintiffs in error.

*Weaver & Giller, contra.*

SULLIVAN, J.

On April 27, 1893, Arthur T. Darby recovered a judgment for $900.61 on a promissory note executed to him in July, 1890, by Benjamin P. Knight, George H. Webster, and John V. Patterson. An execution being issued and returned wholly unsatisfied, this action, in the nature of a creditors' bill, was commenced by Darby in the district court of Douglas county to reach certain real estate conveyed in December, 1891, and January, 1892, by Benjamin P. Knight to Charles E. Knight, Harold B. Knight, and John L. Carr. A trial resulted in a finding and judgment in favor of the plaintiff, and the defendants prosecute error to this court.

All the defendants joined in a single motion for a new trial and they also join in the petition in error filed in this court; so that, under a familiar rule of practice, an affirmance of the judgment against any one of them requires an affirmance as to all. (*Long v. Clapp*, 15 Neb. 417; *Dorsey v. McGee*, 30 Neb. 657; *Scott v. Chope*, 33 Neb. 41; *Minick v. Huff*, 41 Neb. 516; *Cortelyou v. McCarthy*, 53 Neb. 479; *Gordon v. Little*, 41 Neb. 250.)

Counsel for defendants insist, with much earnestness, that the evidence produced at the trial did not warrant the finding of the district court that the conveyances in question were made for the purpose of hindering, delaying, and defrauding the creditors of Benjamin P. Knight; but we think otherwise. The evidence impresses us as it did the trial judge. When the interest on the plaintiff's note became due he demanded payment of Benjamin P. Knight, who refused to pay on the ground that he had received no part of the consideration for which the note was given. Soon afterwards Carr, who acted as Knight's legal adviser, called on Darby and

stated that Knight had received nothing for signing the note and would never pay any part of it, and that he would serve on him, Darby, a written notice to proceed at once against the property of George H. Webster to obtain satisfaction of his claim. Such notice was served on August 13, 1891, and is as follows:

"*A. T. Darby, 214 N. 15th Street, Omaha, Nebraska.*— Dear Sir: You are hereby notified that I will not pay or be held liable for any part of the note or interest that you informed me that you hold against me, signed by me, John V. Patterson, and G. H. Webster, for the sum of $800, bearing date on or about July, 1890, and due eighteen months from date of said note. I never received said money or any part of the same. I never authorized G. H. Webster to borrow this money for me, or any part of it. And if Mr. Webster induced me to sign or indorse said note, he did it by false and fraudulent representations.

"You are hereby notified that G. H. Webster has title to 320 acres of land in Cherry county, Nebraska; also, he or his wife owns a residence on the corner of Burdette and Nineteenth streets, Omaha, in Douglas county, in Nebraska, which is subject to his debt; also, G. H. Webster and W. A. Spencer own 160 acres of land in Antelope county, Nebraska, all of recent date. Now you can protect yourself and thereby save any costs or lawsuits in attempting to collect the same of me. I therefore give you this notice and information, and govern yourself accordingly.

"(Signed)                              B. P. Knight.

"Witnessed by Frank A. Parker."

The conveyance to Carr was of an undivided half interest in 160 acres of land, estimated by one of the witnesses for the plaintiff to be worth $2,000, and by one of the witnesses of the defendants to be of the value of $1,000 at the time of the trial. The consideration for this transfer was $500, said to be due from Knight to

Carr for legal services previously rendered. The items constituting Carr's account against Knight show an exceptional spirit of liberality on the part of the latter in dealing with his attorney. One was an item of $50 for a brief consultation on a matter of no special importance. Another was a charge of $100 for evolving the plan of notifying Darby to proceed against Webster, and for services immediately connected with the preparation and service of the notice above set out. The conveyance to Charles E. and Harold B. Knight, who are the sons of Benjamin P. Knight, was of 113.85 acres of valuable land in Douglas county for an expressed consideration of $300 in cash and the assumption of a large incumbrance by the grantees. The execution of these conveyances left Knight without any property to which his creditors could resort for the satisfaction of their claims. It had all passed into the ownership and possession of his lawyer and his sons, and we are entirely satisfied that the animating purpose of all the parties to the transactions was to prevent the plaintiff from collecting his note.

It is assigned for error that the court admitted a large amount of incompetent evidence. Conceding this to be true, it furnishes no reason for reversing the judgment. It will be presumed that the district court did not consider improper evidence in making its findings. This rule is laid down in 1 Greenleaf, Evidence sec. 49, and has often been recognized and applied by this court. (*Stabler v. Gund*, 35 Neb. 648; *Sharmer v. McIntosh*, 43 Neb. 509; *Buckingham v. Roar*, 45 Neb. 244; *Stover v. Hough*, 47 Neb. 789.) The judgment of the district court is right and is

AFFIRMED.