HARRIET BRONG ET AL. V. THOMAS B. SPENCE.

FILED NOVEMBER 17, 1898.   No. 8403.

1. **Conflicting Evidence: REVIEW.** A verdict rendered on substantially conflicting evidence, and approved by the trial court, will not be set aside on the ground that it is not sustained by adequate proof.

2. **Unauthorized Contract of Agent: RATIFICATION BY PRINCIPAL.** A principal who accepts the fruits of a contract made by an agent in excess of his authority is liable to the person with whom such contract was made, although misinformed as to some of its provisions.

3. ———: **PERSONAL LIABILITY.** One who assumes, without authority, to contract for another is not personally liable in an action on such contract unless he is within its terms.

4. **Joint Assignments of Error: REVIEW.** Where two defendants

Brong v. Spence.

join in a motion for a new trial, and also file a joint petition in error in this court, the judgment will be affirmed unless the record discloses error prejudicial to both.

ERROR from the district court of Seward county. Tried below before BATES, J. *Affirmed.*

*Edw. C. Biggs* and *J. J. Thomas,* for plaintiffs in error.

*G. H. Terwilliger, contra.*

SULLIVAN, J.

Harriet Brong and Jacob Brong, by this proceeding in error, seek to reverse a judgment of the district court of Seward county rendered against them and in favor of Thomas B. Spence for the sum of $63.32. In his petition the plaintiff alleges that, under and pursuant to the terms of a contract between himself and the defendants, he furnished feed for one team, board and lodging for two men, and twenty-two days' labor to a contractor who was engaged in putting down a well on the farm of Harriet Brong. The defendants answered separately, denying the contract. The Brongs were husband and wife. They lived in Pleasant Dale. Mrs. Brong owned an eighty-acre farm, which she leased in 1894 to Thomas B. Spence. The well on the farm failing to furnish an adequate supply of water, Jacob Brong was instructed by his wife to cause it to be repaired. He proceeded to execute his commission, but, after consulting with Spence, was induced to wander outside of his authority and enter into a written contract with a man named Swain for a new tubular well. This agreement provided that Swain should receive seventy-five cents per lineal foot for sinking the well, be furnished with a sufficient supply of water to enable him to prosecute the work, and have his men boarded and lodged while the work should be in progress. Mrs. Brong read the contract and acquiesced in its terms, only upon being assured by her husband that Spence had agreed, in consideration of the

new well being put down, to furnish board and lodging for the men, feed for the team, and furnish all necessary help. On the trial the defendants contended that such was the arrangement between Brong and the plaintiff. The plaintiff, however, denied it, and, upon substantially conflicting evidence, the jury, under proper instructions, resolved that issue against the defendants.

In the further consideration of the case, therefore, we proceed on the assumption that the board, lodging, horse feed, and labor were furnished at the request of Brong and under circumstances affording an implied promise to pay for the same. Was Mrs. Brong bound by the agreement between her husband and Spence? She undoubtedly ratified the contract with Swain with a full knowledge of its provisions. This, of course, included a ratification of the engagement in regard to furnishing water and boarding and lodging the men. To perform the obligations imposed by the Swain contract Spence was employed, with her knowledge and consent. She was, it is true, misinformed as to the arrangement between Spence and her husband, but that was not the plaintiff's fault, and we do not see why it should prevent him from recovering for services rendered and accommodations furnished for Mrs. Brong's benefit and in fulfillment of the contract with Swain. In *Hughes v. Insurance Co. of North America*, 40 Neb. 626, this rule was laid down: "The acceptance by a principal of the fruits of an unauthorized contract made by his agent is a ratification of such agent's conduct, and said ratification relates back to the date of the performance of the act ratified, and the principal is bound by the effects thereof, and the results flowing therefrom, as much so as if he had himself performed the act." And in *Bradford v. Peterson*, 30 Neb. 96, it was said: "In a number of cases this court has held that where a husband constructs a house on the land of his wife, of which fact she has full knowledge, the agency of the husband will be presumed; in other words, the wife, by her silence where she should speak,

in effect admits that the work is being done for her benefit." The liability of Mrs. Brong upon her husband's contract was conclusively established, and, therefore, the action of the trial court in giving, and refusing to give, certain instructions in regard to the law of agency, if error, was without prejudice.

The court charged the jury as follows: "If you further find from the evidence that Jacob Brong contracted with the plaintiff to board and lodge two men and to feed their team while engaged in putting down said well, and if you further find from the evidence that Jacob Brong employed the plaintiff to furnish two men and one team to haul water to be used in putting down such well, and if you further find from the evidence that Jacob Brong was acting as the agent of his wife, then you should find for the plaintiff and against both defendants." The giving of this instruction is assigned as error. We think it is not a correct statement of the law. It, in effect, directed the jury to return a verdict against Brong in case they found that he made the contract with Spence, and in so doing acted as the agent of his wife. It is perfectly clear, on principle and authority, that if Brong was the agent of his wife and avowedly acted in that capacity, without assuming to bind himself, he incurred no personal obligation and is not liable in an action on the contract. (1 Am. & Eng. Ency. Law [2d ed.] 1119.) And even if he were not the agent of his wife, the contract would not bind him unless he was within its terms. (*Cole v. O'Brien,* 34 Neb. 68; *Bartlett v. Tucker,* 104 Mass. 336; *Hall v. Crandall,* 29 Cal. 568; *Duncan v. Niles,* 32 Ill. 532.) The instruction was prejudicially erroneous, yet that fact does not lead to a reversal of the judgment. Both defendants joined in a single motion for a new trial, and they also join in the petition in error filed in this court; so that, under a familiar rule of practice, an affirmance of the judgment against either of them requires an affirmance as to both. (*Knight v. Darby,* 55 Neb. 16; *Long v. Clapp,* 15 Neb. 417; *Dorsey v. McGee,* 30 Neb.

45

657; *Scott v. Chope*, 33 Neb. 41; *Minick v. Huff*, 41 Neb. 516; *Gordon v. Little*, 41 Neb. 250; *Cortelyou v. McCarthy*, 53 Neb. 479.) The judgment of the district court is

AFFIRMED.